32 P.3d 289 (2001)
William TOLSON, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a foreign corporation, Respondent.
No. 46259-8-I.
Court of Appeals of Washington, Division 1.
August 13, 2001.
Publication Ordered September 24, 2001.
*290 Randolph Jones, Law Offices of Jones & Jones, Seattle, for Appellant.
Tamara Nelson, Seattle, for Respondent.
BECKER, A.C.J.
William Tolson appeals from a trial court order denying his motion to vacate an arbitrator's award. Because the arbitrator's letter is internally inconsistent, it is legally erroneous on its face. Accordingly, we reverse with directions to seek clarification from the arbitrator.
In 1996, William Tolson was a passenger in a car that hit an abandoned vehicle in the middle of Interstate 5. The owner of the abandoned vehicle was uninsured. Tolson submitted an uninsured motorist claim as well as a claim for medical payments to Allstate, the insurer of the driver of the car in which Tolson was riding. Allstate paid $8,504.70 in medical payments for Tolson. The uninsured motorist claim went to arbitration, as permitted by the Allstate policy. The arbitrator found that Tolson suffered a cervical strain and a mild concussion due to the accident. The arbitrator awarded Tolson $3,418.30 in medical specials, $642.24 in past wage loss and $15,000 in general damages, for a total award of $19,060.54.

MOTION TO VACATE
Tolson filed a motion in the trial court to vacate the arbitrator's award. One of the statutory grounds for vacating an award exists when the arbitrator has "exceeded" his powers, as demonstrated by an error of law on the face of the award. RCW 7.04.160(4); Lindon Commodities, Inc. v. Bambino Bean Co. Inc., 57 Wash.App. 813, 816, 790 P.2d 228 (1990).
The arbitrator's letter states that the evidence established that in the opinion of one doctor, Dr. Lucas, Tolson sustained memory loss on account of the accident. Nevertheless, the arbitrator did not award any damages for memory loss. The letter goes on to explain that the other doctor whose testimony he considered, Dr. Jeffrey Powell, thought the memory problem was "more attentional". Although the 1996 accident "may" have been a cause of the memory problem in Dr. Powell's view, the arbitrator stated that Dr. Powell was unable to define what percentage was attributable to the accident. The arbitrator's letter further states that Dr. Lucas deferred to Dr. Powell regarding the "extent of the brain injury, if any". The arbitrator's letter concluded that the record lacked medical testimony to establish the "extent" of Tolson's injury.
The arbitrator's letter can be read in at least two ways. The arbitrator may have found that Tolson sustained a brain injury, based on Dr. Lucas' testimony, but did not award any damages for the injury because Tolson failed to prove the extent to which it was attributable to the 1996 accident. As Allstate acknowledges, that would be erroneous. Once the finder of fact concludes that the defendant's conduct is the cause of an injury, the burden of segregating damages is upon the defendant. See Cox v. Spangler, 141 Wash.2d 431, 442, 5 P.3d 1265 (2000); Bennett v. Messick, 76 Wash.2d 474, 478-79, *291 457 P.2d 609 (1969). If Tolson proved that the 1996 accident caused any amount of memory loss or brain injury, then the burden of proving the percentage attributable to the accident was on Allstate, not on Tolson.
On the other hand, the arbitrator may not have found Dr. Lucas' testimony sufficient to establish that Tolson suffered any memory loss or brain injury on account of the 1996 accident. Perhaps the arbitrator thought that Dr. Lucas deferred to Dr. Powell as to the existence of brain injury as well as to the extent it could be attributed to the 1996 accident. If so, the award was not erroneous.
The problem is, we cannot tell from reading the letter which of these possibilities was what the arbitrator intended to say. Allstate contends that we should not read the letter as a whole, because the "face of the award" means only the actual dollar amounts awarded. Our cases, however, have not prevented a reviewing court from examining an arbitrator's letter when the question is whether the award is sufficient to settle the dispute on the merits. In Lindon, the arbitrator's letter stated that the contract had not been modified because there was no consideration for the modification. But the law does not require consideration to modify a contract. Accordingly, the reviewing court held there was an error of law on the face of the award, and remanded for a rehearing by the arbitrator. Lindon, 57 Wash.App. at 816, 790 P.2d 228.
This case presents a similar situation. The award excluding damages for memory loss is inconsistent with some of the statements in the arbitrator's letter, and consistent with others. We conclude the internal inconsistency amounts to an error of law on the face of the award. We reverse the trial court's denial of the motion to vacate, and direct the trial court to seek clarification from the arbitrator. See RCW 7.04.160(5); Lindon, 57 Wash.App. at 816, 790 P.2d 228. If the arbitrator states that he found no memory loss attributable to the 1996 accident, the order confirming the award should be reinstated. If the arbitrator states that he did find memory loss attributable to the accident, the matter should be remanded to the arbitrator for further proceedings.

OFFSET
The parties submitted the issue of offset to the trial court. The court ruled that Allstate was entitled to offset the $8,504.70 paid under the medical payments coverage against the $19,060.54 uninsured motorist award. Allstate's policy states that an uninsured motorist award will be reduced by "all amounts paid or payable" under the personal injury protection, automobile medical payments or any similar medical payments coverage. This provision is valid and enforceable. Keenan v. Industrial Indemnity Insurance Co. of the Northwest, 108 Wash.2d 314, 738 P.2d 270 (1987); Schrader v. Grange Insurance Assoc., 83 Wash.App. 662, 922 P.2d 818 (1996), reversed on other grounds by, Price v. Farmers Insurance Co. of Washington, 133 Wash.2d 490, 946 P.2d 388 (1997). Tolson appears to argue that such an offset is permissible only when the offset leaves the insured fully compensated. Assuming that to be true, he has failed to demonstrate that he will not be fully compensated. He will receive the full amount of the arbitration award. Tolson benefited from Allstate's payments of his medical specials by approximately $5,000 more than was actually due by virtue of the arbitration award. Reimbursing Allstate for its overpayment does not change the fact that Tolson will be fully compensated for the medical specials found to be attributable to the accident, as well as the full amount of general damages. The trial court properly allowed Allstate to offset the entire amount of medical payments previously paid.
Reversed and remanded.
ELLINGTON and WEBSTER, JJ., concur.