[No. 65249-4-I. Division One. September 6, 2011.]

MARY CUMMINGS, *Plaintiff*, JAMES DOUGHERTY ET AL.,
*Respondents*, v. BUDGET TANK REMOVAL &
ENVIRONMENTAL SERVICES, LLC,
*Appellant*.

*Matthew Turetsky, Averil B. Rothrock,* and *Farron D. Lennon* (of *Schwabe Williamson & Wyatt PC*), for appellant.

*Nicholas P. Scarpelli Jr., Jason W. Anderson,* and *Michael B. King* (of *Carney Badley Spellman PS*), for respondents.

¶1 BECKER, J. — Rarely is it possible to have an arbitration award vacated for error of law on the face of the award, and this case is no exception. There are no purely legal issues to examine and no internal inconsistencies that might justify a remand. In addition, it was not an abuse of discretion for the trial court to order the consolidation of two separate arbitration proceedings against the same defendant.

¶2 The appellant in this matter is Budget Tank Removal and Environmental Services LLC. The respondents are James Dougherty and Paul Sauvage (collectively Dougherty). Their dispute arose from work Budget performed for Dougherty in the spring of 2008. Dougherty wanted to build a commercial building on the site of an old gas station. Budget contracted to remove the old petroleum tanks and to remove soil contaminated with petroleum. Budget estimated the total project cost at $21,545. After completing the work, Budget invoiced Dougherty for $638,997.88. Dougherty paid $100,000 and refused to pay any more.

¶3 The contract contained an agreement to arbitrate any disputes. Budget initiated arbitration against Dougherty in July 2008 to recover the unpaid balance. Daugherty counterclaimed.

¶4 In September 2008, another of Budget's customers, Mary Cummings, initiated a separate arbitration against Budget. Cummings too had contracted for remediation of soil. Budget gave Cummings an estimate of $43,344 and billed her for $364,523.90.

¶5 At first, the two matters were scheduled before different arbitrators. In April 2009, Dougherty and Cummings, represented by the same lawyers, moved jointly in superior court to consolidate the two arbitration proceedings. Consolidation is authorized by RCW 7.04A.100. Over Budget's objection, the trial court granted the motion.

¶6 The arbitrations were heard in a single proceeding before arbitrator Thomas J. Brewer in October 2009. At the

request of the parties, Mr. Brewer issued separate awards. Only the Dougherty matter is at issue in this appeal.

¶7 Mr. Brewer issued a 42-page "Final Award of Arbitrator" on February 8, 2010, in the Dougherty matter. He denied all claims asserted by Budget and granted relief to Dougherty on his counterclaims for breach of contract and violation of the Consumer Protection Act, chapter 19.86 RCW. The award to Dougherty was $1,042,301, inclusive of preaward interest. In addition, Dougherty was awarded more than $500,000 in attorney fees and costs incurred in the arbitration, and more than $25,000 as reimbursement for previously incurred fees, expenses, and arbitrator compensation. The final award against Budget totaled $1,598,939.60.

¶8 Budget moved unsuccessfully to vacate the award. The superior court granted Dougherty's motions to confirm the award and to add more attorney fees and prejudgment interest. Budget appeals.

## CONSOLIDATION

¶9 Budget's first contention is that the trial court overstepped its authority by ordering consolidation of the Dougherty and Cummings cases.

¶10 Dougherty initially responds that the order of consolidation is not even reviewable. A statute designates specific orders in arbitration actions from which an appeal may be taken, and an order of consolidation is not one of them:

(1) An appeal may be taken from:

 (a) An order denying a motion to compel arbitration;

 (b) An order granting a motion to stay arbitration;

 (c) An order confirming or denying confirmation of an award;

 (d) An order modifying or correcting an award;

 (e) An order vacating an award without directing a rehearing; or

(f) A final judgment entered under this chapter.

(2) An appeal under this section must be taken as from an order or a judgment in a civil action.

RCW 7.04A.280.

¶11 Dougherty's challenge to reviewability is not well founded. By its plain language, the statute designates orders from which appeal can be taken, not which orders may be reviewed on appeal. Budget took this appeal from the final amended judgment entered upon Dougherty's motion to confirm the arbitration award. Budget properly challenged the order of consolidation by assigning error to it as part of this appeal.

¶12 A party in a civil action on appeal of a final judgment may assign error to an order consolidating claims or causes of action. *See In re Marriage of Angelo*, 142 Wn. App. 622, 175 P.3d 1096 (affirming order consolidating marriage dissolution action with wife's tort action after judgment was entered in wife's favor on tort claims), *review denied*, 164 Wn.2d 1017 (2008). We conclude the order consolidating the two arbitrations is reviewable in this appeal.

¶13 The uniform arbitration act, chapter 7.04A RCW, authorizes a trial court to consolidate separate arbitration proceedings if all four of the criteria in RCW 7.04A.100(1) are met:

(1) Except as otherwise provided in subsection (3) of this section, upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration proceedings as to all or some of the claims if:

(a) There are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person;

(b) The claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;

(c) The existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and

(d) Prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.

(2) The court may order consolidation of separate arbitration proceedings as to certain claims and allow other claims to be resolved in separate arbitration proceedings.

(3) The court may not order consolidation of the claims of a party to an agreement to arbitrate that prohibits consolidation.

RCW 7.04A.100.

¶14 Because the statute says the court "may" order consolidation, we review the decision for an abuse of discretion. If a ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis, necessarily there is an abuse of discretion. *Dix v. ICT Grp., Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). We review the decision on the basis of the information provided to the trial court at the time the motion to consolidate was being considered. At that time, Cummings had an arbitration pending before Mr. Brewer; Dougherty's was pending before a different arbitrator. Each of them had already incurred arbitration fees and expenses.

¶15 The first statutory factor, RCW 7.04A.100(1)(a), is not in dispute. The second, subsection (b), requires that the claims subject to arbitration "arise in substantial part from the same transaction or series of related transactions." RCW 7.04A.100(1)(b). Budget argues this requirement was not met. In Budget's view, "*different* customers with *different* transactions were involved in *independent* disputes with the same defendant."

¶16 Dougherty and Cummings asserted that their transactions with Budget were related in several ways:

First, Budget used the same approach to obtain the remediation work in both cases, with Mr. Veeder [Budget's owner]

giving a lowball estimate for the remediation work after telling both customers there was not much contamination. Second, Mr. Veeder used the same inadequate field testing during excavation without sufficient lab testing to confirm contamination above [Department of Ecology (DOE)] levels. Third, the contracts signed by the Moving Parties were virtually identical, and the arbitration clauses are identical. Fourth, Mr. Veeder indicated in his field notes for each project that he notified the customer that the remediation would be a bigger job than expected, but each of the Moving Parties denies receiving notice. Finally, Budget removed many times the estimated amount of contaminated soil on each job and invoiced the Moving Parties accordingly.

Dougherty and Cummings thoroughly documented these assertions with copies of their contracts, invoices, and materials produced in discovery in arbitration. Budget responded that the transactions were unrelated because the Cummings case involved a residential soil remediation project covered by insurance, while the Dougherty case involved a commercial site for which there was no insurance coverage.

¶17 Subsection (b)'s requirement for related transactions ensures that the claims involved in the proceedings are sufficiently similar that consolidation will lead to an efficient resolution.[1] Although the two cases did not involve the same transaction and Budget disputed the facts alleged in each case, the materials submitted to the trial court did demonstrate a pattern of similar facts relevant to the Consumer Protection Act counterclaims. The pattern was particularly relevant to the burden of proof borne by Dougherty and Cummings to show that "additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790, 719 P.2d 531 (1986).

---

[1] *See* Unif. Arbitration Act (2000) § 10 cmt. 3, 7 U.L.A. pt. 1A 41-42 (2009) ("As in the judicial forum, consolidation effectuates efficiency in conflict resolution and avoidance of conflicting results.").

¶18 Budget opposed consolidation largely by arguing that the counterclaims of Dougherty and Cummings were unsubstantiated and would not be able to withstand the summary judgment motions Budget planned to file soon in each arbitration. Budget's argument did not indicate a lack of relationship, but rather an obstacle to proving the related claims at trial. As Dougherty and Cummings argued below, the appropriateness of consolidation "is judged based on the efficiencies to be gained, not on the merits of the claims." The trial court adopted this reasoning, and we too consider it sound. We conclude the trial court did not err in determining that the claims were sufficiently similar to be viewed as having arisen from a "series of related transactions."

¶19 Subsection (c) requires a common issue of law or fact that "creates the possibility of conflicting decisions in the separate arbitration proceedings." RCW 7.04A.100(1)(c). Budget contends this means a possibility of "identical facts" being decided differently or of inconsistent outcomes "regarding the same claim." The statutory language does not support such a narrow reading. The motion to consolidate identified a number of issues of law and fact common to both cases:

- whether Budget knowingly uses unreasonably low estimates of soil contamination to obtain remediation contracts
- whether Budget's actions in obtaining remediation contracts amount to fraud in the inducement
- whether Budget's methods of testing soil for contamination are insufficient and inadequate according to industry standards
- whether Budget needlessly removes large quantities of soil not contaminated above DOE standards
- whether Mr. Veeder falsifies his field notes to indicate customer approval to exceed Budget's estimates
- whether Budget's acts common to the two transactions amount to breach of contract

- whether Budget's acts and practices are unfair or deceptive.

These common issues amply supported a determination that there was a possibility of conflicting decisions if the two cases were decided by different arbitrators.

¶20 The fourth statutory element is relative prejudice. Dougherty and Cummings argued that consolidation into a single proceeding would result in savings for all parties with respect to the expenses of arbitration and expert witnesses common to the two cases. Budget argued that a consolidated hearing would confuse the issues and present logistical problems for counsel. Budget does not continue to press this argument on appeal.

¶21 We conclude that the trial court understood the statutory criteria for consolidation and properly found them to be satisfied. Budget has demonstrated no abuse of discretion.

## FACE OF THE AWARD

¶22 Budget contends the judgment confirming the award must be reversed and the matter remanded to arbitration because of errors on the face of the award.

¶23 This court's review of an arbitrator's award is limited to that of the court which confirmed, vacated, modified, or corrected that award. The trial court's review is confined to the question whether any of the statutory grounds for vacation exist. The burden of showing that such grounds exist is on the party seeking to vacate the award. *Pegasus Constr. Corp. v. Turner Constr. Co.*, 84 Wn. App. 744, 747-48, 929 P.2d 1200 (1997).

¶24 One of the statutory grounds for vacating an award exists when the arbitrator has "exceeded the arbitrator's powers." RCW 7.04A.230(1)(d); *Federated Servs. Ins. Co. v. Pers. Representative of Estate of Norberg*, 101 Wn. App. 119, 123, 4 P.3d 844 (2000), *review denied*, 142 Wn.2d

1025 (2001). This ground for vacation is available only if the alleged error appears "on the face of the award":

> Limiting judicial review to the face of the award is a shorthand description for the policy that courts should accord substantial finality to arbitrator decisions. *Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998). In deciding a motion to vacate, a court will not review the merits of the case, and ordinarily will not consider the evidence weighed by the arbitrators. *Davidson*, 135 Wn.2d at 119. Because the statute does not require arbitrators to file or preserve the evidence they receive, a court can review an alleged error only if it appears on the face of the award. *Boyd v. Davis*, 127 Wn.2d 256, 262, 897 P.2d 1239 (1995) (citing *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 386 P.2d 625 (1963)). The error should be recognizable from the language of the award, as, for instance, where the arbitrator identifies a portion of the award as punitive damages in a jurisdiction that does not allow punitive damages. *See Kennewick Educ. Ass'n v. Kennewick Sch. Dist. No. 17*, 35 Wn. App. 280, 282, 666 P.2d 928 (1983).

*Estate of Norberg*, 101 Wn. App. at 123-24.

¶25 Where a final award sets forth the arbitrator's reasoning along with the actual dollar amounts awarded, any issue of law evident in the reasoning may also be considered as part of the face of the award. *Estate of Norberg*, 101 Wn. App. at 125; *Tolson v. Allstate Ins. Co.*, 108 Wn. App. 495, 32 P.3d 289 (2001). In *Tolson*, we remanded an arbitration award for clarification where there was an ambiguity in the arbitrator's letter, making the court's findings potentially inconsistent with the rest of the award.

¶26 Budget contends that the trial court improperly limited its review to the last two pages of the award and failed to consider whether the first 40 pages demonstrated recognizable error. It appears, however, that the court simply concluded that the issues raised by Budget were not reviewable. Having considered all 42 pages, we reach the same conclusion.

¶27 Budget claims the arbitrator misinterpreted the contract. This court does not review an arbitrator's

interpretation of contracts. *Boyd v. Davis*, 127 Wn.2d 256, 261-62, 897 P.2d 1239 (1995). The statements Budget quotes from the final award do not show on their face that the arbitrator misunderstood the law of contracts or adopted an erroneous rule. Thus, the case is not like *Lindon Commodities, Inc. v. Bambino Bean Co.*, 57 Wn. App. 813, 816, 790 P.2d 228 (1990).

¶28 Budget contends the arbitrator erred by awarding damages for lost profits because Dougherty's business was new and he had no business data to prove he lost any profit. Budget also argues that the award includes speculative gross lost rents and damages not contemplated at the time the contract was made. To review these claims of error would require delving into the evidence. An arbitrator's findings will not be reviewed in the same way as a superior court's findings. The alleged errors do not appear on the face of the award.

¶29 Budget contends Dougherty was not entitled to preaward interest because his damages were not liquidated. In *Estate of Norberg* and in *Kennewick Education*, we overturned arbitration awards that granted relief not allowed by law. These cases do not assist Budget because prejudgment interest is a type of award allowed under Washington law. A determination that damages are liquidated depends on whether the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). Because Dougherty's entitlement to preaward interest depends on the evidence, no error appears on the face of the award. If the grant of preaward interest had been accompanied by a finding that Dougherty's damages were unliquidated, it would have indicated an internal inconsistency in the award, like the ones for which remand was ordered in *Tolson* and *Bambino Bean*. No such ambiguity exists in Dougherty's award.

¶30 The arbitrator found that Dougherty was damaged by Budget's unreasonable delay in performance. He

determined that the delay damages were caused by Budget's violations of the Consumer Protection Act as well as by breach of contract. Budget contends the reasoning set forth in the award does not adequately link the delay damages to Consumer Protection Act violations. But in reviewing an arbitration award, a court does not insist upon or even look for a comprehensive explanation of the arbitrator's reasoning. Findings of fact and conclusions of law need not be stated. *Boyd*, 127 Wn.2d at 262. The arbitrator found in favor of Dougherty on his claim under the Consumer Protection Act claim. Explained or not, that ruling deserves finality.

¶31 We conclude Budget has not identified error of law on the face of the award.

## MODIFICATION OF PREAWARD INTEREST

¶32 The final award states that both parties sought an award of fees and costs after the arbitrator issued an interim award. The interim award is not in the record. The final award states that it was issued on December 3, 2009. The final award to Dougherty, issued two months later, included an amount for preaward interest, calculated from July 1, 2008, "to present"—i.e., to February 8, 2010, the date of the final award.

¶33 The superior court entered a judgment confirming the final award on March 16, 2010. Two weeks later, the court signed an amended judgment adding the sum of $23,301.83 for preaward interest for the two-month period from the interim award to the final award. Budget assigns error to this decision, contending that the trial court exceeded its authority. We agree.

¶34 "After a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order *unless the award is modified or corrected* under RCW 7.04A.200 or 7.04A.240 or is vacated

under RCW 7.04A.230." RCW 7.04A.220 (emphasis added). In limited circumstances, when moved by a party, a trial court must grant a motion to modify or correct an award. RCW 7.04A.240(1). One circumstance requiring modification is if there was "an evident mathematical miscalculation . . . in the award." RCW 7.04A.240(1)(a).

¶35 Dougherty contends the preaward interest itemized in the interim award was for exactly the same amount itemized in the final award. He says that the arbitrator must have overlooked the additional interest that necessarily accumulated in the two months between the interim award and the final award. Dougherty defends the amended judgment as necessary to correct an "evident mathematical miscalculation."

¶36 The record does not show that RCW 7.04A.240 was cited to the court below as a basis for increasing the judgment. And the interim award is not in the record, so we cannot verify Dougherty's assertion that the amount designated therein as preaward interest was the same as in the final award. In any event, a trial court "does not have collateral authority to go behind the face of an award and determine whether additional amounts are appropriate." *Dayton v. Farmers Ins. Grp.*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994); *see also Westmark Props. Inc. v. McGuire*, 53 Wn. App. 400, 404, 766 P.2d 1146 (1989) (where prejudgment interest has not been awarded by the arbitrator, a trial court lacks authority to add it to the judgment).

¶37 It is possible the arbitrator simply forgot to increase the interest awarded. It is also possible the arbitrator deliberately chose to stop the accumulation of interest at the time of the interim award for reasons not apparent on the face of the award. For this perceived error, Dougherty's remedy—if any—was in the arbitral forum. We conclude the superior court exceeded its authority. To the extent the

judgment adds $23,301.83 for more preaward interest, it must be reversed.[2]

## ATTORNEY FEES ON APPEAL

 ¶38 The contract between Budget and Dougherty provides that "the prevailing party in the dispute, as determined by the arbitrators, shall be entitled to its reasonable costs and attorney's fees." Both parties rely on this provision as a basis for seeking an award of attorney fees on appeal. Dougherty remains the prevailing party in the dispute and is entitled to an award of attorney fees on appeal.

## CONCLUSION

¶39 The judgment is affirmed to the extent that it confirms the final award entered by the arbitrator, adds prejudgment interest for the period between the final award and the judgment, and awards attorney fees and costs to Dougherty for the proceeding in superior court. The judgment is reversed to the extent that it includes interest of $23,301.83 from the date of the interim award to the final award. Dougherty is entitled to an award of attorney fees on appeal, subject to compliance with RAP 18.1.

GROSSE and ELLINGTON, JJ., concur.

---

[2] We leave undisturbed the item of $15,763 added to the amended judgment for interest from the date of the final award to the date of judgment.