# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GABRIELLE NGUYEN-ALUSKAR, individually, | No. 46690-2-II |
| Appellant, | |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, a successor in interest to TICOR TITLE INSURANCE COMPANY, INC., and DEEDRA RAY CLARK, and the marital community composed thereof, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Gabrielle Nguyen-Aluskar appeals the trial court's order denying her motion to vacate an arbitration order that awarded Chicago Title Insurance Company $12,125 in attorney fees as damages for Nguyen-Aluskar's breach of a CR 2A settlement agreement. Nguyen-Aluskar also challenges the trial court's denial of her motion to reconsider its confirmation of the arbitration order. Because the arbitration order and award reveal facial legal error, we reverse the trial court and remand for entry of an order vacating the provisions in the arbitrator's order awarding attorney fees as damages as well as the arbitrator's subsequent award of $12,125 in attorney fees as damages to Chicago Title.

FACTS

Nguyen-Aluskar filed a complaint against Chicago Title on March 8, 2013.[1] Her attorney was Thaddeus P. Martin of the Law Office of Thaddeus P. Martin, LLC. On January 10, 2014, the parties and their attorneys held a mediation and entered into a CR 2A agreement (Agreement). The Agreement provided that Chicago Title would pay $40,000 to Nguyen-Aluskar in return for Nguyen-Aluskar's release of all claims.

On January 13, Martin informed Chicago Title that Nguyen-Aluskar no longer wanted to comply with the Agreement. Martin reported that she had discovered that Chicago Title's counsel, Janis White, had worked as an attorney at Lane Powell in 2012, when Lane Powell represented Nguyen-Aluskar in the Chicago Title matter. This was before Martin represented Nguyen-Aluskar and filed her lawsuit against Chicago Title.

White informed Martin that she did not work on Nguyen-Aluskar's case when she was employed by Lane Powell, and that she did not learn of any confidential or privileged information related to the case during that employment. White explained that when she joined her current employer in 2013, she learned for the first time that Nguyen-Aluskar had previously been represented by Lane Powell.

Martin refused Nguyen-Aluskar's request to bring the matter before the court and withdrew from the case. A few days later, Nguyen-Aluskar sent White an e-mail suggesting that White had violated the rules of professional responsibility and demanding that Chicago Title waive its right

---

[1] Nguyen-Aluskar sought damages from the loss of a shared interest in real property resulting from a quick claim deed's alleged improper notarization by Chicago Title.

to enforce the Agreement and reopen settlement negotiations. She accused White of "an ethical breach and possibly fraud." Clerk's Papers (CP) at 154.

After Martin's withdrawal became effective, White notified Nguyen-Aluskar that Chicago Title had decided not to enforce the Agreement or reopen settlement negotiations and that it would try the case instead. Nguyen-Aluskar responded that she had told Martin that she believed the Agreement was null and void because White was a partner in the firm that originally represented her in the case.

On January 30, Nguyen-Aluskar, while representing herself, filed a "Motion to Reset Mediation or Settlement Conference and Address Defense Counsel Position if Appropriate to Disqualify." CP at 1 (some capitalization omitted). The Lane Powell attorney who represented Nguyen-Aluskar in 2012 responded with a declaration explaining that White did not participate in Nguyen-Aluskar's case and that he did not discuss the case with her.

At the hearing on her motion, Nguyen-Aluskar claimed that this declaration was incorrect. Chicago Title responded that there was no basis for the motion to disqualify White under the rules of professional responsibility and no basis for the trial court to order additional mediation. The trial court denied the motion to disqualify and to compel mediation, and left the matter set for trial.

Nguyen-Aluskar then sought to negotiate a new settlement with Chicago Title. Chicago Title rejected her proposal and notified her that it intended to try the case. White subsequently received notification from the Washington State Bar Association that Nguyen-Aluskar had filed a grievance against her.

Represented by new counsel, Nguyen-Aluskar filed a motion to enforce the Agreement. She argued in her motion that despite her earlier suspicions about White's conflict of interest,

White's conduct did not amount to repudiation that would release Chicago Title from the Agreement, and the Agreement was valid and binding. Chicago Title responded that Nguyen-Aluskar had repudiated the Agreement by telling her attorney that it was null and void, by moving to reopen mediation, and by proposing new settlement terms.

The trial court found that Nguyen-Aluskar had tried to repudiate, but it enforced the Agreement. In doing so, the trial court added that Chicago Title could seek relief for the additional expense incurred as a result of Nguyen-Aluskar's actions under Paragraph 7 of the Agreement, which provided:

> Any disputes arising out of this settlement agreement, including but not limited to the drafting of final papers, shall be submitted . . . for binding arbitration. In the event of arbitration, 1) the prevailing party shall be entitled to attorney fees and arbitrator costs OR 2) the parties shall bear their own costs and fees.

CP at 19. The trial court's written order struck the trial date and allowed Chicago Title to seek any remedies available under the Agreement through arbitration.

The arbitrator granted Chicago Title's request for arbitration and ruled that Nguyen-Aluskar had breached the Agreement by failing to (1) execute a release of all claims, (2) enter into a more detailed settlement agreement, and (3) stipulate to dismissal of all claims with prejudice. The arbitrator's order added that this breach had caused Chicago Title to incur legal fees as damages. The order awarded Chicago Title reasonable attorney fees as damages, directed Chicago Title to submit documentation supporting a fee request, and explained that the damages award would be deducted from the $40,000 settlement amount. Finally, the order added that because the Agreement was ambiguous in providing that the prevailing party would be entitled to fees or that the parties would bear their own fees, Nguyen-Aluskar's request for fees as the prevailing party

4

was denied.[2] The arbitrator subsequently awarded Chicago Title $12,125 in attorney fees as damages for Nguyen-Aluskar's breach of the Agreement.[3]

Chicago Title then filed a motion requesting the trial court to confirm the arbitration award and enter judgment, direct the disbursal of funds from the court registry, and dismiss all claims with prejudice. Nguyen-Aluskar moved to vacate the arbitration order and award, arguing that there was no provision in the Agreement authorizing an award of attorney fees as damages.

The trial court denied the motion to vacate and granted the motion to confirm the arbitration award. After Nguyen-Aluskar's attorney withdrew, she filed a pro se motion for reconsideration, which the trial court denied. Nguyen-Aluskar appeals the orders denying her motion to vacate the arbitration order and award and denying her motion for reconsideration of the order confirming the award.

## ANALYSIS

### A. VALIDITY OF ARBITRATOR'S ORDER AND AWARD

Nguyen-Aluskar argues that the trial court erred in denying her motion to vacate the arbitration order and award because the arbitrator's decision to award Chicago Title attorney fees as damages for breach of contract constituted facial legal error. We agree.

#### 1. Legal Principles

In Washington, private arbitration is governed exclusively by statute. *Broom v. Morgan Stanley DW Inc.*, 169 Wn.2d 231, 236, 236 P.3d 182 (2010). Washington courts accord substantial

---

[2] Nguyen-Aluskar had argued that she was the prevailing party because she succeeded in enforcing the Agreement.

[3] The arbitrator reduced the fee request so that its award did not include the time that White expended in responding to Nguyen-Aluskar's grievance.

finality to the decision of an arbitrator rendered in accordance with the parties' contract and the Washington Uniform Arbitration Act, chapter 7.04A RCW. *Davidson v. Hensen*, 135 Wn.2d 112, 117-18, 954 P.2d 1327 (1998).

Judicial review of an arbitration award is "exceedingly limited," and our review of an arbitrator's award is limited to the same standard applicable in the court that confirmed the award. *Davidson*, 135 Wn.2d at 119; *Salewski v. Pilchuck Veterinary Hosp., Inc.*, 189 Wn. App. 898, 903, 359 P.3d 884 (2015). Judicial review is confined to considering whether any of the statutory grounds for vacation exist. *Cummings v. Budget Tank Removal & Envtl. Servs., LLC*, 163 Wn. App. 379, 388, 260 P.3d 220 (2011). The party seeking to vacate the award bears the burden of showing that such grounds exist. *Salewski*, 189 Wn. App. at 903.

One ground for vacating an award exists when the arbitrator has exceeded her power. RCW 7.04A.230(1)(d). An award that demonstrates facial legal error indicates that the arbitrator exceeded her power. *Broom*, 169 Wn.2d at 237.

The facial legal error standard is a very narrow ground for vacating an arbitration award. *Id.* at 239. The error should be recognizable from the language of the award, as, for example, where the arbitrator awards punitive damages in a jurisdiction that does not allow them. *Salewski*, 189 Wn. App. at 904. Reviewing courts do not look to the merits of the case or reexamine evidence. *Broom*, 169 Wn.2d at 239. Where a final award sets forth the arbitrator's reasoning along with the amount awarded, any issue of law evident in the reasoning may be considered as part of the face of the award. *Cummings*, 163 Wn. App. at 389; *but see Westmark Props., Inc. v, McGuire*, 53 Wn. App. 400, 403, 766 P.2d 1146 (1989) (a statement of reasons for arbitration award is not part of award).

2.      Award of Attorney Fees as Damages

Nguyen-Aluskar argues that the arbitrator committed facial legal error by awarding

attorney fees as damages for breach of contract because the Agreement contains no provision for

such an award. Nguyen-Aluskar adds that the authority the arbitrator cited does not support the

award.

The initial arbitration order supported the fee award with this reasoning:

The CR 2A imposed upon Plaintiff a duty to execute a General Release of all
claims, enter into a more detailed Settlement Agreement, and stipulate to dismissal
of all claims against all parties with prejudice. Plaintiff failed to do so and thus
breached the CR 2A Agreement. The Court's subsequent enforcement of the CR
2A does not alter Plaintiff's previous breach. The breach caused Defendant to incur
legal fees as damages. And none of these fees would have been incurred but for
Plaintiff's breach of the CR 2A Agreement.

CP at 54. The arbitrator added to this reasoning in the arbitration award that followed:

Chicago Title relies on Jacob's Meadow Owners Ass'n v. Plateau, 139 Wn. App.
743 (2007) as authority for award of fees as damages for breach of the CR 2A.
Indeed, the Court addresses attorney fees as damages for breach of a contract and
further holds that damages for breach of a contract include those amounts necessary
to place a party in the position it would have occupied had the breaching party
fulfilled the contractual duties. As previously stated in the original Arbitration
Award, none of the fees awarded herein would have been incurred but for Plaintiff's
breach of the CR2A Agreement.

CP at 57.

Contract principles apply to interpretations of CR 2A agreements. *Allstot v. Edwards*, 114

Wn. App. 625, 636, 60 P.3d 601 (2002), *review denied*, 149 Wn.2d 1028 (2003). The general rule

in Washington is that attorney fees are not available as costs or damages absent a contract, statute,

or recognized ground in equity. *City of Seattle v. McCready*, 131 Wn.2d 266, 275, 931 P.2d 156

(1997). In the majority of cases discussing attorney fee damage recoveries, such recoveries are

based on principles of equitable indemnity, which apply when a defendant's wrongful act subjects

7

a plaintiff to litigation *with others*. *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wn. App. 743, 759, 162 P.3d 1153 (2007).

The arbitrator cited *Jacob's Meadow* as authority for its award of attorney fees as damages for breach of contract. The arbitrator observed that *Jacob's Meadow* holds that damages for breach of contract include those amounts necessary to place a party in the position it would have occupied had the breaching party fulfilled the contractual duties. In so observing, the arbitrator overlooked the context for this holding. The basis for the damages award in *Jacob's Meadow* was a contractual indemnification provision that expressly provided for the recovery of attorney fees as damages if actions by one party exposed the other to litigation with a third party. 139 Wn. App. 759-60.

Here, the Agreement contained no language that supported an award of attorney fees as damages. Consequently, there was no basis in the contract for an award of fees as damages. Both the arbitration order and award demonstrate facial legal error. We reverse the trial court and remand for an order vacating that part of the arbitrator's order awarding Chicago Title attorney fees as damages as well as the arbitrator's award of $12,125 in attorney fees as damages.

B.    MOTION FOR RECONSIDERATION

Because we must reverse the order denying Nguyen-Aluskar's motion to vacate the arbitration order and award, we need not address her challenges to the order denying her motion to reconsider the order confirming the arbitration award. However, we briefly address one of Chicago Title's challenges to that motion.

Chicago Title argues that the trial court should not have considered Nguyen-Aluskar's motion for reconsideration because it was not both filed and served within 10 days after entry of

No. 46690-2-II

the order confirming the arbitration award as required under CR 59.[4]  CR 59 was amended in 2005 to eliminate the 10-day service requirement.  *In re Marriage of Smith*, 158 Wn. App. 248, 255, 241 P.3d 449 (2010).  As amended, CR 59(b) does not require a motion for reconsideration to be served within the same 10-day time limit that applies to filing the motion.  *Id.*; 4 KARL B. TEGLAND, WASHINGTON PRACTICE:  RULES PRACTICE, CR 59 author's cmts. at 551 (6th ed. 2013).

We reverse the trial court's order denying the motion to vacate the arbitration order and award, and remand for entry of an order vacating the arbitrator's award of attorney fees as damages to Chicago Title.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Johanson, C.J.

---

[4] Nguyen-Aluskar filed her motion for reconsideration on July 25, within 10 days of the July 18 order confirming the arbitration award, but she did not serve Chicago Title until July 30.