**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Parenting and Support of: | No. 49070-6-II |
| BA, | |
| Child, | |
| ANGELA TRAGER, | UNPUBLISHED OPINION |
| Respondent, | |
| v. | |
| JAMES ANDREWS, | |
| Appellant. | |

BJORGEN, C.J. — James Andrews appeals the superior court's order vacating the arbitrator's award following his arbitration with Angela Trager regarding a parenting plan. Both Trager and Andrews request attorney fees on appeal.

We hold that the superior court erred by vacating the arbitration award in the absence of any of the statutory grounds required for vacation. We also deny each party's request for attorney fees on appeal. Consequently, we reverse and remand this matter to the superior court with instructions to confirm the arbitration award.

FACTS

In 2012 Angela Trager and James Andrews obtained a parenting plan regarding their child in common, BA. Under the parenting plan, either parent was allowed to require the other parent to submit to hair follicle drug testing once a year if the requesting parent paid the cost of the test.

Trager refused to take a hair follicle or urinalysis (UA) drug test per Andrews's request. Then, on March 30, 2015, Andrews filed a motion for an ex parte restraining order preventing Trager from having contact with BA or Andrews because of Trager's refusal. On March 31, Andrews filed a motion to modify the 2012 parenting plan. The same day, the superior court issued a show cause order to Trager, directing her to appear for a hearing on April 16 to determine the merits of Andrews' request for a restraining order.

The parties had scheduled mediation with retired Judge Edwin Poyfair, beginning on April 8. At the mediation, Trager and Andrews agreed to convert it into an arbitration. On April 14, Trager's attorney e-mailed Andrews' attorney acknowledging that "[w]hen [Trager and Andrews] went to mediation, they agreed to allow Judge Poyfair to arbitrate their parenting plan." Clerk's Papers (CP) at 36. Also on April 14, Andrews filed a motion to compel arbitration and submitted a request to stay future proceedings in the superior court case while the parties attempted to resolve their dispute through arbitration.

On May 11, arbitrator Poyfair issued a decision including findings of fact and rulings modifying the parenting plan in various ways. CP at 79-81. In addition, Poyfair directed Andrews to draft the appropriate modification documents to conform to his decision, which would be signed by the parties. CP at 81.

On November 20, Andrews filed a motion in superior court for an order confirming the arbitration award. On November 30, Trager filed a cross-motion requesting the court to "direct the parties back to [a]rbitration regarding the remaining issues related to the parenting plan." CP at 60. On December 17, a Clark County court commissioner declined to confirm the arbitration award because:

> [t]he parties need to either go in front of the assigned judge for an evidentiary hearing on whether arbitration is complete or not or return to arbitration based upon evidence presented by [Trager] that arbitration is not complete.

CP at 73.

On December 18, Andrews filed a motion to revise the commissioner's decision to not confirm the arbitration award.[1] On April 1, 2016, Trager filed a motion to vacate the arbitrator's decision. On May 13, the superior court vacated the arbitrator's decision and ruled as follows:

### III. Findings

This court having reviewed the pleadings, including the e-mails regarding the arbitration process, and having heard argument of the parties makes the following findings:

3.1 The arbitration order of May of 2015 does not contain a parenting plan;

3.2 The arbitration order signed by Judge Edwin Poyfair (ret) was not signed in May of 2015 and the emails of the parties and Ms. Loretta Steele[2] confirm that;

3.3 The order signed by Judge Edwin Poyfair (ret), whenever it was signed, did not contain a parenting plan;

3.4 The court finds that the order signed by Judge Edwin Poyfair (ret) was a temporary plan and not the final decision of the arbitrator;

---

[1] The record does not disclose how the superior court ultimately ruled on this motion.

[2] Loretta Steele is Judge Poyfair's assistant.

3.5 The parties held several sessions after the May decision to determine what the parenting plan would be and this court finds that the May order was a temporary order;

3.6 The process involving the parties and Judge Poyfair was fraught with irregularities including that:

Judge Poyfair (ret) himself converted the mediation session to arbitration;

Loose ends regarding the process were not completed including a decision on a final parenting plan;

There should have been a statement in the May 2015 order which indicated what steps were remaining to complete the process;

Loretta Steele had no authority to sign Judge Edwin Poyfair's name to any orders;

When the order was presented again in 2016 to Judge Edwin Poyfair (ret) for his signature, it was not signed nun[c] pro tunc or properly dated;

3.7 There is no official record of what transpired in the sessions which followed the May 2015 session.

. . . .

## IV. ORDER

4.1 This court has the authority to review what happened in the alternative dispute resolution process pursuant to the final parenting plan;

4.2 [Trager]'s motion to vacate the May 2015 arbitration order, whenever it was actually signed, is granted; [Andrews]' motion to confirm the arbitrator's decision is denied;

. . . .

4.5 The stay of proceedings in this case is lifted and the parties are returned to their positions prior to mediation.

CP at 122-23.

Andrews appeals the superior court's order vacating the arbitration award.

ANALYSIS

I. SCOPE AND STANDARD OF REVIEW

An appellate court's role "in reviewing an arbitration award is to ensure that the hearing process comports with the broad contours of procedural fairness. To this end, the court is directed to consider narrowly circumscribed allegations of misconduct." *Seattle Packaging Corp. v. Barnard*, 94 Wn. App. 481, 487, 972 P.2d 577 (1999). Specifically, our review "'is confined to the question of whether any of the statutory grounds for vacation exist.'" *Salewski v. Pilchuck Veterinary Hosp., Inc., P.S.*, 189 Wn. App. 898, 903-04, 359 P.3d 884 (2015) (quoting *Cummins v. Budget Tank Removal & Envtl. Servs., LLC*, 163 Wn. App. 379, 388, 260 P.3d 220 (2011)), *review denied*, 185 Wn.2d 1006 (2016). Those grounds are set out in RCW 7.04A.230(1), which states that a court shall vacate an award if:

(a) The award was procured by corruption, fraud, or other undue means;

(b) There was:

(i) Evident partiality by an arbitrator appointed as neutral;

(ii) Corruption by an arbitrator; or

(iii) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(d) An arbitrator exceeded the arbitrator's powers;

(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under RCW 7.04A.150(3) not later than the commencement of the arbitration hearing; or

(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in RCW 7.04A.090 so as to prejudice substantially the rights of a party to the arbitration proceeding.

In carrying out this review, we apply the "same standard applicable in the court which confirmed, vacated, modified or corrected that award." *Salewski*, 189 Wn. App. at 903. The party seeking to vacate an award bears the burden of showing that a statutory ground for vacation exists. *Id*. at 904. "Courts do not ordinarily consider evidence presented to [an] arbitrator[] . . . because courts are generally prohibited from reviewing an award on the merits." *Seattle Packaging*, 94 Wn. App. at 487.

The scope of our review varies according to the statutory ground asserted for vacating an arbitration award. If a party argues that an award should be vacated because the arbitrator exceeded his or her powers (RCW 7.04A.230(1)(d)), that claim is reviewed under the facial legal error standard and must be apparent from the face of the award itself. *Salewski*, 189 Wn. App. at 904. However, if a party contends that an arbitration award has been secured through fraud (RCW 7.04A.230(1)(a)):

[C]ourts must necessarily review enough of the evidence submitted to the arbitrator[] to determine whether clear and convincing evidence exists that [fraud] was committed with respect to a material issue of consequence in the proceedings and that substantial rights of a party have been prejudiced thereby.

*Seattle Packaging*, 94 Wn. App. at 487-88. To demonstrate prejudice in this context, a party "must show that the fraud prevented him or her from fairly and fully presenting his or her case or defense." *Id*. at 487.

In the absence of case law specifically discussing the scope of our review for the other statutory grounds, we refer to the rule that in reviewing an arbitration award, our role is to

> ensure that the hearing process comports with the broad contours of procedural fairness. To this end, the court is directed to consider narrowly circumscribed allegations of misconduct. Without a prima facie showing of such misconduct, the court is not empowered to assess evidence, much less new evidence not presented to the arbitration panel.

*Id.* at 487. Thus, we are not confined to the face of the order in reviewing these other grounds, but focus on whether there is a prima facie showing of misconduct.

Finally, both parties take the position that we apply the abuse of discretion standard in deciding this appeal. The only authority presented in support is Trager's citation to *In re Marriage of Kraft*, 119 Wn.2d 438, 450, 832 P.2d 871 (1992). *Kraft*, however, was an appeal of a trial court's distribution of military disability retirement benefits in a dissolution proceeding and did not involve review of an arbitration award. Therefore, it has only the most tenuous connection with this appeal.

On the other hand, the nature of our review of an arbitration award speaks strongly in favor of de novo review. As noted, we review an arbitration award to ensure procedural fairness, *Seattle Packaging*, 94 Wn. App. at 487, and our review "'is confined to the question of whether any of the statutory grounds for vacation exist.'" *Salewski*, 189 Wn. App. at 903-04 (quoting *Cummings*, 163 Wn. App. at 388). Questions of law are reviewed de novo. *Ang v. Martin*, 154 Wn.2d 477, 481, 114 P.3d 637 (2005). More specifically, "'[w]hether a statute applies to a factual situation is a question of law,' which we review de novo." *PacifiCorp Envtl. Remediation Co. v. Dep't of Transp.*, 162 Wn. App. 627, 662, 259 P.3d 1115 (2011) (quoting

*Quality Rock Prods., Inc. v. Thurston County*, 139 Wn. App. 125, 133, 159 P.3d 1 (2007)).

Therefore, our review in this appeal is de novo.

## II. THE SUPERIOR COURT ERRED IN VACATING THE ARBITRATION AWARD

Our review is confined to whether any of the statutory grounds for vacation exist. *Salewski*, 189 Wn. App. at 903-04. Neither party, however, presents focused argument about these specific grounds. Instead, Andrews presents a list of ways in which he claims the superior court erred in vacating the arbitrator's award, and Trager presents a list of ways in which she claims the superior court properly found flaws in the arbitrator's award. Neither party explains how their claims touch the statutory grounds for vacation on which we must base our decision. Nor did the superior court identify what grounds under RCW 7.04A.230(1) it relied in vacating the arbitrator's award.

Because these grounds all rest on claimed flaws in the arbitrator's decision, the most profitable examination of how these various claims relate to the statutory grounds will be to focus on the ways in which Trager claims the arbitrator's decision suffered from any of these flaws. By using Trager's arguments to organize the analysis, we also act consistently with the rule that the party seeking to vacate an award bears the burden of showing that a statutory ground for vacation exists. *Salewski*, 189 Wn. App. at 904.

A. Exceeding Scope of Authority

Trager argues that the superior court properly dismissed the arbitration award because the award contained a temporary parenting plan, but not a final parenting plan. We read this as an argument that the arbitrator exceeded his authority by making an arbitration award that contained

something less than a final parenting plan and that supplied a basis for vacation under RCW 7.04A.230(1)(d).

As noted above, we review a claim that an arbitrator exceeded his powers by examining whether the claimed error is apparent from the face of the document itself. *Salewski*, 189 Wn. App. at 904. Although Trager argued, and the superior court found, that the arbitration award was incomplete because it lacked a final parenting plan, Trager does not cite to any authority that requires an arbitration award to produce an entirely new parenting plan in this context. In this case, the arbitration award characterized one of the issues to be resolved as "[s]hould there be a change of the Parenting Plan." CP at 79. At the conclusion of arbitration, the arbitrator directed Andrews to draft the appropriate modification documents to conform to his decision. CP at 81. Therefore, based on the face of the award, the arbitrator did not exceed his authority by his rulings modifying the parenting plan. Vacation under RCW 7.04A.230(1)(d) was improper.

B.     Other Errors

Trager contends that the superior court properly dismissed the arbitration award because the "process was fraught with irregularities." Br. of Resp't at 14. Of these, the one Trager views as the "most concerning" is arbitrator Poyfair's claimed improper conversion of the mediation into arbitration. Br. of Resp't at 14. If correct, this could supply grounds to vacate under RCW 7.04A.230(1)(e), which states:

> (e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under 7.04A.150(3) not later than the commencement of the arbitration hearing.

However, the record does not show that Trager objected to arbitration prior to the April 8, 2015 arbitration hearing. Thus, this allegation does not supply grounds to vacate.

If Trager means to base her claim of improper conversion to arbitration on RCW 7.04A.230(1)(f), it also fails. According to that provision, an award may be vacated if

> [t]he arbitration was conducted without proper notice of the initiation of an arbitration as required in RCW 7.04A.090 so as to prejudice substantially the rights of a party to the arbitration proceeding.

To vacate an award on this ground, the challenging party must show that she was substantially prejudiced as a result of the error, such that she was "prevented . . . from fully and fairly presenting [her] case." *Seattle Packaging*, 94 Wn. App. 487-88. The superior court order does not contain a finding that Trager was prejudiced from any lack of notice, and Trager does not argue in her briefing that she was impaired in presenting her case as a consequence. Thus, she has not made a prima facie showing that any notice was deficient or that she was prejudiced by that deficiency, and her argument fails.

Trager also lists among her claimed procedural irregularities that Steel lacked authority to sign arbitrator Poyfair's name to any orders and that the May 2015 order was not signed nunc pro tunc or properly dated. Trager, however, does not identify which statutory ground for vacation is implicated by these claimed circumstances. The most apt ground for this alleged misconduct is that of RCW 7.04A.230(1)(a), that "[t]he award was procured by corruption, fraud, or other undue means," and we review this claim on that basis.

The arbitration award was issued on May 11, 2015. The record suggests that in January 2016, the parties determined that arbitrator Poyfair had not signed the original May 2015 arbitration award. By March 2016, Poyfair had signed the May 2015 arbitration award. On

10

April 1, 2015, Trager asserted in her motion to vacate the arbitration award that "[Andrews] notified [the superior court] that Mr. Poyfair did not sign the [arbitration award], his secretary [Steele] signed the order," and that while Poyfair subsequently signed the award, he did so "without indicating it was being signed [nunc] pro tunc." CP at 84, 87-88.

These allegations, if true, describe an irregular process. Trager fails, though, to bring forth any clear and convincing evidence of fraud with respect to a material issue in the proceedings or that substantial rights of a party have been prejudiced by it, as required by *Seattle Packaging*, 94 Wn. App. at 487-88. Therefore, this claim fails.

Trager lists a number of other claimed irregularities in her brief. No argument is offered, however, as to how these satisfy a statutory ground for vacation, and we see no evidence in the record making even a prima facie case that any ground is satisfied. Therefore, these remaining claims also fail.

For these reasons, we conclude that the superior court improperly vacated the arbitrator's award.

III.  ATTORNEY FEES ON APPEAL

Both Trager and Andrews request attorney fees on appeal.

Trager requests attorney fees under RCW 26.26.140,[3] part of the Uniform Parentage Act of 2002. This appeal, however, concerns the vacation of an arbitration award under chapter 7.04A RCW, the Uniform Arbitration Act. Because this is not an action under the Uniform

---

[3] This provision states in pertinent part: "The court may order reasonable fees of experts and the child's guardian ad litem, and other costs of the action, including blood or genetic test costs, to be paid by the parties in proportions and at times determined by the court. The court may order that all or a portion of a party's reasonable attorney's fees be paid by another party. . ."

11

Parentage Act of 2002, an award of attorney fees under that statute is not appropriate. Trager

also lists "recognized grounds in equity" and RAP 18.9 in her request for attorney fees. Br. of

Resp't. at 15-16. However, she fails to provide analysis or citation to authority supporting her

conclusory arguments regarding equitable grounds and RAP 18.9. As recognized in *State v.*

*Mason*, 170 Wn. App. 375, 384, 285 P.3d 154 (2012), we do not consider conclusory arguments

unsupported by citation to authority. *See also* RAP 10.3(6). Accordingly, her claim is without

merit.

Andrews requests attorney fees under RCW 7.04A.250(3), which states:

On application of a prevailing party to a contested judicial proceeding under . . . [RCW 7.04A.230], the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made.

Where a statute or contract allows an award of attorney fees at trial, an appellate court has

authority to award fees on appeal. *Bloor v. Fritz*, 143 Wn. App. 718, 753, 190 P.3d 805 (2008).

We decline to exercise our discretion under this statute to award attorney fees to

Andrews. First of all, Andrews, not Trager, initiated this appeal. Trager merely responded.

Second, neither party argued its case under the proper statute or under the proper scope and

standard of review. With that equivalency, it would be unfair to single out one party to bear the

entire cost of attorney representation at trial. Therefore, we also deny Andrews' request for

attorney fees on appeal.

No. 49070-6-II

## CONCLUSION

We reverse the superior court's order vacating the arbitration award and remand to the superior court with instructions to confirm the arbitration award. We deny each party's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
BJORGEN, C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.

13