IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MEZZANINE PROPERTIES, INC., | No. 85064-4-I |
| Appellant, | |
| DANIEL CHUN, | DIVISION ONE |
| Plaintiff, | |
| v. | |
| BKCO TITLE AND ESCROW, LLC; DAREN HAMILTON and marital estate; VIJA WILLIAMS and BEN WILLIAMS and marital estate; KELLER WILLIAMS REALTY, INC.; and GENINE WOOD and marital estate, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, J. — Mezzanine Properties Inc. appeals the trial court's order confirming an arbitration award in favor of Keller Williams Realty Inc., its leasing agent Ben Williams, and its brokers Vija Williams and Genine Wood (collectively KWR) and dismissing BKCO Title and Escrow LLC and its president Daren Hamilton (collectively BKCO) from their lawsuit. We affirm the trial court's order confirming the arbitration award and award KWR attorney fees and costs on appeal, but we reverse the court's order dismissing BKCO and remand for further proceedings.

FACTS

Apex TTF Bellevue LLC (Apex) is a Washington corporation that owns property located in Bellevue. KWR is a Texas corporation with an office in Kirkland that regularly conducts business in King County as a real estate listing firm. Mezzanine is a Washington corporation and regularly conducts business as a real estate buyer brokerage firm. KWR and Mezzanine are both members of the Northwest Multiple Listing Service (NWMLS). BKCO is a Washington corporation that routinely serves as an escrow closing agent in real estate transactions.

In February 2021, Apex hired KWR as its agent to sell their Bellevue property. The parties executed an "Exclusive Sale and Listing Agreement" (ESLA) that says Apex will pay KWR a commission of 5 percent of the sales price. And from that commission, KWR will offer a 2.5 percent commission to any buyer's agent who is a cooperating member of NWMLS.

On November 2, 2021, Derek and Juiling Edmonds offered to purchase the Apex property through their agent, Mezzanine. The parties executed a "Residential Purchase and Sale Agreement" and hired BKCO as the escrow closing agent. BKCO held in escrow $131,625 as commission.

On December 8, 2021, BKCO issued a settlement statement apportioning a $58,500 commission to KWR and a $73,125 commission to Mezzanine. KWR disputed the settlement statement. It claimed that an addendum to the ESLA

precluded Mezzanine from seeking any commission from the sale.[1] So, it instructed BKCO not to release the commission. When Mezzanine contacted BKCO to ask about the status of its commission, BKCO explained that KWR disputed the commission and that Mezzanine should contact KWR to discuss the issue.

In late January 2022, KWR offered to resolve the dispute by paying Mezzanine a 1.25 percent commission. Mezzanine rejected the offer. Unable to settle the dispute, Mezzanine asked BKCO to place the commission in a court registry.

In March 2022, Mezzanine and its managing broker Daniel Chun (collectively Mezzanine) sued KWR and BKCO, alleging breach of contract, fraud, conversion, breach of fiduciary duties, breach of good faith and fair dealing, unjust enrichment, tortious interference, and violations of the Consumer Protection Act (CPA), chapter 19.86 RCW, the Uniform Voidable Transactions Act, chapter 19.40 RCW, and the Escrow Agent Registration Act, chapter 18.44 RCW. In June 2022, KWR moved to compel arbitration of Mezzanine's claims. It argued that the NWMLS rules mandate its members arbitrate commission disputes.[2] At the same time, BKCO moved for summary judgment. It argued that the "only claim against BKCO relates to its withholding the claimed

---

[1] The addendum to the ESLA provides, "The current tenant of the property, Derek Edmonds and Juiling Edmonds holds a first right of refusal to purchase the property. They and their broker are excluded from a selling office commission should they successfully close on the property."

[2] NWMLS arbitration rule 1 reads, "It is the duty of the Members of NWMLS to submit all controversies involving commissions arising from NWMLS listings to arbitration by NWMLS, exclusively, notwithstanding any other arbitration agreement between the parties."

commission," so the court should order it to deposit the disputed commission in the court registry and dismiss it from the lawsuit.

On July 13, 2022, the court granted KWR's motion to compel arbitration and BKCO's motion to dismiss. It ordered BKCO to deposit the disputed commission in the court registry, dismissed BKCO from the lawsuit, and stayed the case pending NWMLS arbitration of the commission dispute.

In December 2022, the NWMLS arbitration panel denied Mezzanine's claim and issued an arbitration award in favor of KWR.[3] In January 2023, KWR moved to confirm the arbitration award and disburse the funds in the court registry. On January 17, 2023, the court granted the motion and dismissed the case with prejudice and without costs. Mezzanine moved for reconsideration of both the court's July 2022 order dismissing BKCO from the lawsuit and the January 2023 order confirming the arbitration award. The court denied both motions.

Mezzanine appeals.

ANALYSIS

Mezzanine argues the trial court erred by confirming the arbitration award in favor of KWR and dismissing BKCO at summary judgment. KWR asks for attorney fees and costs on appeal. We address each argument in turn.

---

[3] The arbitration panel decided that "[h]aving heard, and carefully considered, the testimony and evidence offered by both parties," KWR "shall pay $0" to Mezzanine.

1. <u>Confirmation of Arbitration Award</u>

Mezzanine argues that the trial court "committed a reversible error confirming an arbitration award of ZERO by awarding $73,125.00 to [KWR] in the absence of a contractual, legal or factual basis to do so." We disagree.

Under Washington law, trial courts will review an arbitrator's decision "only in certain limited circumstances." *Int'l Union of Operating Eng'rs, Local 286 v. Port of Seattle*, 176 Wn.2d 712, 720, 295 P.3d 736 (2013). To do otherwise would question the finality of arbitration decisions and undermine alternative dispute resolution. *Id.* Our review of an arbitrator's award is limited to "the same standard applicable in the court which confirmed, vacated, modified or corrected that award." *Salewski v. Pilchuck Veterinary Hosp., Inc.*, 189 Wn. App. 898, 903, 359 P.3d 884 (2015). We review only whether one of the statutory grounds to modify or vacate an award exists. *Id.* at 903-04.[4] The party challenging the award bears the burden of showing such grounds exist. *Cummings v. Budget Tank Removal & Env't Servs., LLC*, 163 Wn. App. 379, 388, 260 P.3d 220 (2011).

Mezzanine argued below that the trial court should refuse to confirm the arbitration award because "it is a futility and does not resolve the core issue in this lawsuit." On appeal, Mezzanine argues we should vacate the award because there was "no contractual, legal or other basis for Mezzanine's

---

[4] Under the uniform arbitration act, chapter 7.04A RCW, courts may modify an arbitration award on one of the narrow statutory grounds listed in RCW 7.04A.240(1) or vacate the award for the limited reasons in RCW 7.04A.230(1).

commission to be paid to [KWR]."[5]  But Mezzanine identifies no statutory ground to modify or vacate the award in support of its argument.  As a result, we affirm the trial court's order confirming the arbitration award and disbursing funds.[6]

2. Summary Judgment

Mezzanine argues that the trial court erred by granting summary judgment for BKCO.  We agree.

We review orders on summary judgment de novo, engaging in the same inquiry as the trial court.  *Kim v. Lakeside Adult Fam. Home*, 185 Wn.2d 532, 547, 374 P.3d 121 (2016).  "Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Rublee v. Carrier Corp.*, 192 Wn.2d 190, 198, 428 P.3d 1207 (2018); CR 56(c).  We consider facts and inferences in a light most favorable to the nonmoving party.  *Id.* at 199.

A defendant can prevail on summary judgment by challenging the plaintiff's ability to establish an essential element of a cause of action.  *See Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).  The defendant bears the initial burden of showing a lack of evidence.  *Id.* at 225 n.1.  The burden then shifts to the plaintiff to establish the challenged elements of their

---

[5] Mezzanine also argues it was error for the trial court to "summarily dismiss all remaining causes of action outside the commission dispute."  But Mezzanine did not argue below that certain causes of action were unrelated to the commission dispute and should not be dismissed.  We may refuse to review any claim of error that a party did not raise in the trial court.  RAP 2.5(a).

[6] Because we conclude Mezzanine raised no statutory grounds on which to modify or vacate the arbitration award, we also reject Mezzanine's claim that the court erred by denying its motion for reconsideration.

claim. *Id.* at 225. If the plaintiff does not do so, the defendant is entitled to summary judgment. *Id.*

In its motion for summary judgment, BKCO alleged that it "disclaimed any interest in the withheld funds" and that the "only claim against BKCO relates to it withholding the claimed commission." So, according to BKCO, the trial court had to dismiss Mezzanine's claims once BKCO deposited the disputed funds in the court registry. But Mezzanine's complaint alleges several causes of action against BKCO, including it (1) breached its contract by failing to disburse a commission to Mezzanine, (2) committed fraud by conspiring to misrepresent and misdirect Mezzanine in its communications, (3) committed conversion by willfully interfering with Mezzanine's property, (4) breached its fiduciary duties by failing to pay Mezzanine its commission, (5) engaged in tortious interference with Mezzanine's business expectancy by withholding its commission for an improper purpose, and (6) violated the CPA by colluding with KWR to deprive Mezzanine of its commission. BKCO fails to show that any of those causes of action turn on its continued possession of the disputed commission.

On appeal, BKCO argues that it is entitled to summary judgment because Mezzanine failed to respond to its motion with competent evidence supporting the elements of its claims. But BKCO did not challenge the elements of each of Mezzanine's claims in its motion for summary judgment. It alleged only that it was entitled to summary judgment because each claim turned on its possession of the disputed funds. And it is " 'incumbent upon the moving party to determine what issues are susceptible to resolution by summary judgment, and to clearly

7

state in its opening [brief] those issues upon which summary judgment is sought.' " *Admasu v. Port of Seattle*, 185 Wn. App. 23, 40, 340 P.3d 873 (2014) (quoting *White v. Kent Med. Ctr., Inc.*, 61 Wn. App. 163, 169, 810 P.2d 4 (1991)). Because BKCO did not challenge the elements of each of Mezzanine's claims, Mezzanine had no duty to produce competent evidence supporting those elements.

We reverse the trial court's order granting summary judgment for BKCO and remand for further proceedings.[7]

3. Attorney Fees and Costs

KWR asks for attorney fees and costs on appeal. Generally, when a statute authorizes fees in the trial court, those fees are also available on appeal. *SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found.*, 5 Wn. App. 2d 496, 515, 427 P.3d 688 (2018). RCW 4.84.330 authorizes an award of attorney fees and costs to the prevailing party in an action enforcing the provisions of a contract if the contract specifically provides for attorney fees.

NWMLS arbitration rule 34 provides:

In the event of an appeal to the Superior Court (and any appeal thereof to an appellate court), the court (including the appellate court) must, if the Petitioner is successful in whole or in part, include in its judgment: interest at the above rate and the Petitioner's reasonable attorneys' fees and costs. If the Responding Party is the prevailing party, the Responding Party is entitled to its reasonable attorneys' fees and costs.

Because KWR is the prevailing party on appeal, we award it attorney fees and costs subject to compliance with RAP 18.1.

---

[7] Because we reverse the trial court's summary judgment order, we need not address whether the trial court erred by denying Mezzanine's motion for reconsideration.

We affirm the trial court's order confirming the arbitration award for KWR and award KWR its attorney fees and costs on appeal. But we reverse the court's order dismissing BKCO and remand for further proceedings.

_Brennan, J_

WE CONCUR:

_Chung, J._ _Dwyer, J._