■ ARTIE SHAW PRESENTS, INC., Appellant, v. WILLIAM L. SNYDER, Doing Business as REMBRANDT FILMS, Respondent.— Order, Supreme Court, New York County, entered July 10, 1973, denying petitioner's motion for confirmation, granting respondent's cross motion to vacate the award and referring the matter back to the American Arbitration Association, unanimously reversed, on the law, the motion to confirm the award granted and the cross motion denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The award for which petitioner seeks confirmation was executed by the neutral arbitrator and the arbitrator designated by petitioner. In opposing confirmation on the ground of alleged misconduct and partiality on the part of the neutral arbitrator, respondent submits an affidavit of the arbitrator designated by him wherein it is asserted in conclusory fashion that respondent's arbitrator was "deprived of any meaningful opportunity to deliberate upon the issues with

[his] co-arbitrators". Special Term, in vacating the award, inaptly observed that "Whatever action is taken by the Arbitrators it must be done as a panel after consultation with all the members and after giving each member of the panel an opportunity to be heard and express his opinion and views". The appropriate standard as to conference amongst the arbitrators is as follows: "Although it is desirable to have all of the arbitrators meet, following final submission of the controversy, and participate in the deliberations so that the parties to the dispute may have the benefit of the effect the views and arguments of each arbitrator might have upon the others, the presence of all is not required (*Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.*, 240 N. Y. 398). However, it is essential to the making of a valid award that all arbitrators be present at the hearings, and no proof may be received in the absence of any one of them (*Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388 [CPLR 7505]." (*Matter of Buitoni Prod.* v. *Nappi*, 275 App. Div. 215, 216.) (See, also, *Matter of Stecklow Bros.* v. *Carol Mgt. Corp.*, 78 N. Y. S. 2d 427, affd. 273 App. Div. 1013; *Cresroad Estates* v. *Tenzer*, 194 Misc. 649.) Scrutiny of the record discloses that all arbitrators were present at the hearings. The award, dated May 16, 1973, bears acknowledgments of May 21, 1973 as to petitioner's arbitrator and of May 23, 1973 as to the neutral arbitrator. Patently, respondent's arbitrator on May 21, 1973 refused to confer with the neutral arbitrator via telephonic communication at which time petitioner's arbitrator was also a party to that communication. This refusal, viewed in the context of all the circumstances delineated in the record, mandates the conclusion that respondent has failed to demonstrate misconduct or partiality on the part of the neutral arbitrator and has not sufficiently raised an issue with respect thereto. Concur — Markewich, J. P. Lupiano, Tilzer, and Lane, JJ.