[No. 9954–7–III.   Division Three.   May 8, 1990.]

LINDON COMMODITIES, INC., *Appellant,* v. BAMBINO BEAN COMPANY, INC., *Respondent.*

*John Zeimantz,* for appellant.

*Walter Berhalter,* for respondent.

GREEN, J.—On January 10, 1986, Lindon Commodities, Inc., a Washington corporation, contracted with Bambino Bean Company, Inc., a Kansas corporation, to purchase 390,000 pounds of pinto beans. The contract contained an arbitration clause. Bambino Bean later invoiced Lindon for $85,800. Lindon paid $66,300. The beans were delivered to Lindon in January 1987, and Bambino Bean requested Lindon pay the balance of the contract price. Lindon refused to do so contending the parties had modified the contract and reduced the price to $66,300 which was paid. On May 20, 1988, Lindon commenced an arbitration proceeding in Spokane County to resolve the question. Upon conflicting evidence, the arbitrator issued the following decision:

> My award is in favor of BAMBINO BEAN COMPANY, INC., in the sum of TWENTY–NINE THOUSAND ONE HUNDRED ELEVEN DOLLARS AND NINETY–ONE CENTS ($29,111.91), plus interest at 12% per annum from and after November 19, 1988.
>
> . . . [T]he evidence indicates that the parties entered into a binding contract which provided that shipment was to be made February/March, 1986 – buyer's call, and payment was due net 30 days receipt of invoice. The exhibits show that the invoice was received by Lindon Commodities on 4/1/86, and accordingly was due and payable on 5/1/86. Said invoice was sent to Lindon Commodities at their request. All of the other matters that took place between the parties were subsequent to the time that the amount in question was due and payable and *I have found no evidence of any consideration for any modification of the contract after the payment due date.* . . . The award is for the contract price of $85,800.00, plus interest at 12% per annum for one hundred and forty–one days from May 1, 1986, to September 19, 1986, in the sum of $3,977.35, thus totalling $89,777.35. A payment was made against that amount of $66,300.00 on September 19, 1986. From that payment date to November 19, 1988, interest at 12% per annum (the legal rate in Washington State) is $5,634.56, thus leaving an unpaid balance as of November 19, 1988, of $29,111.91. I hereby award

that amount to Bambino Bean Co., Inc., together with costs of arbitration as set forth below.

(Italics ours.)

From this adverse decision, Lindon petitioned the Spokane County Superior Court to vacate the award. Lindon contended there was error on the face of the award in that the emphasized portion was an incorrect statement of the law. The court disagreed and entered an order confirming the award. The court also denied Bambino Bean's request for terms under CR 11. Lindon appeals and Bambino Bean cross–appeals.

Lindon contends the court's confirmation of the award was error, the award should be vacated and the matter remanded for rehearing before a new arbitrator. It argues the arbitrator's statement, "I have found no evidence of any consideration for any modification of the contract . . .", is an error of law on the face of the award because under RCW 62A.2–209 contracts for the sale of goods need no consideration to be binding. The result, Lindon argues, is that its substantial rights have been prejudiced. RCW 7.04-.160. To the contrary, Bambino Bean takes the position no grounds are presented for vacating the award which clearly disposes of the issues on its face thus ending judicial scrutiny. *Westmark Properties, Inc. v. McGuire,* 53 Wn. App. 400, 766 P.2d 1146 (1989).

Arbitration is a statutory proceeding and the rights of the parties are controlled by RCW 7.04. *See Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 386 P.2d 625 (1963). An award shall be vacated under RCW 7.04.160 when

(4) . . . the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

. . . .

An award shall not be vacated upon any of the grounds set forth under subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby.

The burden of proof is on Lindon, the party seeking vacation of the award. *Schreifels v. Safeco Ins. Co.,* 45 Wn. App. 442, 445, 725 P.2d 1022 (1986). For the court to vacate an award under subsection (4), the award, on its face, must show the adoption of an erroneous rule or mistake in applying the law. *Lent's, Inc. v. Sante Fe Eng'rs, Inc.,* 29 Wn. App. 257, 265, 628 P.2d 488 (1981); *Moen v. State,* 13 Wn. App. 142, 144–45, 533 P.2d 862, *review denied,* 85 Wn.2d 1018 (1975). *See also Northern State Constr. Co. v. Banchero, supra* at 249–50. The evidence before the arbitrator will not be considered. *Westmark Properties,* at 402. An arbitrator's award states the outcome, much as a judgment states the outcome. A statement of reasons for the award is not part of the award. *Westmark Properties,* at 403; *Lent's,* at 265. When the award is substantially sufficient on its face to settle the dispute on its merits, it is not subject to further judicial scrutiny. *Westmark Properties,* at 403–04.

Here, we cannot be certain the award fully settles the merits of the dispute because it contains language on its face that contradicts RCW 62A.2–209(1), which provides: "An agreement modifying a contract . . . needs no consideration to be binding", whereas the award states: "I have found no evidence of any consideration for any modification . . .". Thus, there is an error of law on the face of the award. The award implies there was a modification but it could not be recognized because there was no consideration. Thus, the order confirming the arbitration award must be reversed and and the matter remanded for a rehearing by the arbitrator. Lindon's request that a new arbitrator be selected on remand is denied. *See* RCW 7.04.160; *Agnew v. Lacey Co–Ply,* 33 Wn. App. 283, 290–91, 654 P.2d 712 (1982), *review denied,* 99 Wn.2d 1006 (1983).

Bambino Bean's cross appeal seeking terms under CR 11 is denied in light of our decision.

Reversed and remanded.

MUNSON, C.J., and THOMPSON, J., concur.