[No. 12810-5-III.    Division Three.    March 1, 1994.]

ELAINE HARRIS, *Appellant,* v. THE GRANGE INSURANCE ASSOCIATION, *Respondent.*

*Marcia M. Meade* and *Dawson & Meade, P.S.*, for appellant.

*Robert J. Crotty, Michael J. Hines*, and *Lukins & Annis P.S.*, for respondent.

SCHULTHEIS, J. — Elaine Harris appeals the Superior Court order denying her motion to vacate an arbitration award, contending the arbitrators exceeded their powers and were guilty of misconduct. We reverse the Superior Court, vacate the award, and remand to the same panel for full deliberation.

Ms. Harris had an insurance policy with Grange Insurance Association which included a provision for arbitrating disputes about uninsured and underinsured motorist (UIM) coverage. In April 1985, Ms. Harris was involved in a motor vehicle accident with two other motorists. The other motorists admitted liability, and Ms. Harris settled with their insurance companies for a total of $112,500.

Claiming her damages were greater than $112,500, and that she settled for less than the other motorists' policy limits, Ms. Harris sought additional recovery under her UIM policy with Grange. Grange contended her damages did not exceed the amount already recovered. As required by the UIM policy, the dispute was submitted to arbitration, and three arbitrators were appointed. Ms. Harris appointed Richard Eymann, Grange appointed John Riseborough, and these two jointly selected James Gillespie as the neutral

arbitrator. Under RCW 7.04.070,[1] a majority decision was required to render a final award.

On July 7, 1992, the three arbitrators heard the evidence offered by the parties. On Saturday, July 11, the three heard closing arguments from 7 a.m. until shortly before 9 a.m. The arbitrators then went into closed session, discussed their initial impressions of the case, and agreed to deliberate further by telephone on Sunday evening.

On Sunday evening, Mr. Gillespie spoke with Mr. Eymann twice by phone, but Mr. Eymann explained he was in the midst of a family emergency. Mr. Eymann further explained he would be out of town most of the following week. No firm time for another meeting was set.

The next day, Monday, Mr. Gillespie consulted with Mr. Riseborough about Mr. Eymann's situation, and they decided to issue an award without him. The two arbitrators found that Ms. Harris' total damages were $104,667.09, and since this amount was less than the $112,500 she had already received, she was not entitled to additional recovery under her UIM policy.

Ms. Harris moved the Superior Court to vacate the arbitration award. The court denied her motion to vacate and granted Grange's cross motion to confirm the arbitration award and to dismiss Ms. Harris' motion with prejudice.

On appeal, Ms. Harris contends the majority exceeded its powers and committed misconduct by holding deliberations[2] and issuing an award without her appointed arbitrator. There is no dispute as to the following facts: Mr. Eymann heard all the evidence; he heard all the parties' arguments; and he attended a brief conference with the other two

---

[1]RCW 7.04.070 provides, in relevant part:

"All the arbitrators shall meet and act together during the hearing but a majority of them may determine any question and render a final award."

[2]Although Ms. Harris assumes the panel's deliberations were part of the "hearing" at which all arbitrators must be present, this is incorrect. A meeting of arbitrators, after all evidence necessary to the award has been taken, does not constitute a "hearing" for arbitration purposes. *Turner v. Cox*, 196 Cal. App. 2d 596, 601, 16 Cal. Rptr. 644, 647 (1961).

arbitrators, during which the arbitrators discussed their initial impressions of the case.

■ Appellate review of an arbitration decision is strictly limited. *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992); *Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). An arbitration award can only be vacated upon one of the grounds specified in RCW 7.04.160. *Westmark*, at 402. Unless the award on its face shows adoption of an erroneous rule or a mistake in applying the law, the award will not be vacated or modified. *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249-50, 386 P.2d 625 (1963). The burden of proving a violation of RCW 7.04.160 is on the party seeking to vacate the award. *Lindon Commodities, Inc. v. Bambino Bean Co.*, 57 Wn. App. 813, 816, 790 P.2d 228 (1990).

The arbitration panel's conduct appears to raise a question of first impression in this state. However, a well-settled body of law developed in other jurisdictions indicates the proper rule governing an arbitration panel's deliberations.

■ As a general rule,

[I]t is essential that there should be a unanimous participation by the arbitrators in the consultations and deliberations upon the award to be made. . . . However, the failure of one or a minority of a number of arbitrators to appear and act with the majority, *after sufficient notice and reasonable opportunity therefor*, constitutes, substantially, a dissent from the action of the majority which will enable the latter to proceed, in the absence of such minority, to the *rendition of a majority award* in case a majority award has been authorized, . . ..

(Italics ours.) 6 C.J.S. *Arbitration* § 89, at 310-11 (1975).

It is well settled that if an agreement allows a majority of the arbitration panel to decide an issue, and a minority withdraws *after* the full panel hears all the relevant evidence and has an opportunity to discuss the issue, the remaining majority has authority to render an award. C.T. Drechsler, Annotation, *Effect of Vacancy Through Resignation, Withdrawal, or Death of One of Multiple Arbitrators on Authority of Remaining Arbitrators To Render Award*, 49 A.L.R.2d 900, 909 (1956); *Colombia v. Cauca Co.*, 190 U.S.

524, 528, 47 L. Ed. 1159, 1163, 23 S. Ct. 704 (1903); *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 830-31 (11th Cir. 1991); *Atchison, T.&S.F. Ry. v. Brotherhood of Locomotive Firemen*, 26 F.2d 413, 417 (7th Cir. 1928); *Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Employees v. Connecticut Co.*, 142 Conn. 186, 193-94, 112 A.2d 501, 504-05, 49 A.L.R.2d 891 (1955).

As Ms. Harris points out, the courts applying this rule have sometimes vacated an arbitration award. As Grange points out, other courts have refused to vacate an arbitration award under somewhat different facts. The proper test is as follows:

[T]he line must be drawn at the time when all of the evidence has been heard and the arbitrators have had an opportunity to discuss the issues among themselves. If an arbitrator resigns before that time, the arbitration may not proceed to an award. But if he resigns after that time, the majority of the board may proceed to a decision of the matter . . ..

*Amalgamated Ass'n*, at 196. Thus, an arbitrator will be deemed to have withdrawn if he or she fails to appear and act with the majority, after sufficient notice and reasonable opportunity therefor. 6 C.J.S. at 310-11.

The leading case on the subject is *American Eagle Fire Ins. Co. v. New Jersey Ins. Co.*, 240 N.Y. 398, 148 N.E. 562 (1925). It laid down the rule as follows:

All the arbitrators should be notified to meet for deliberation so that opportunity for full consultation is furnished but it is not the rule that one may then by wilful absence . . . prevent an award by a majority. All should meet and hear the proofs but the report of two is valid *unless the third has been excluded from participation in their deliberations without fault on his part*. The refusal of the third arbitrator to attend after final submission ceases to be material when its effect would be to juggle one of the parties out of the benefit of the arbitration.

(Italics ours.) *American Eagle*, at 408. *See Artie Shaw Presents, Inc. v. Snyder*, 46 A.D.2d 867, 868, 362 N.Y.S.2d 158, 159 (1974).

In applying the foregoing rules to this case, the dispositive question is whether Mr. Eymann was excluded from participating in the panel's deliberations without fault on

his part. Here, the arbitrators agreed on Saturday there would be more deliberations the next evening. Mr. Eymann, through no apparent fault of his own, was unable to confer that evening. Rather than set a firm meeting time which Mr. Eymann would be able to attend, the panel proceeded to deliberate and issue an award the next day, without him.

Given the circumstances, the relatively few attempts at contacting Mr. Eymann, and the short time span between the attempted contact and the decision to issue the award (Sunday evening to Monday), the majority of the panel did not give Mr. Eymann sufficient notice and opportunity to deliberate. It cannot be said that Mr. Eymann was at fault for his exclusion from deliberations. *American Eagle*, at 408. Thus, the majority of the panel exceeded its power, in violation of RCW 7.04.160(4), and its award must be vacated.

This court has authority to direct a rehearing before the same panel of arbitrators. RCW 7.04.160; RAP 12.2. Noting that the panel's error was not serious, we hereby direct a rehearing by the same panel of arbitrators which heard the original submission: Richard Eymann, John Riseborough, and James Gillespie. *See Lindon Commodities*, 57 Wn. App. at 816; *Agnew v. Lacey Co-Ply*, 33 Wn. App. 283, 290, 654 P.2d 712 (1982), *review denied*, 99 Wn.2d 1006 (1983).

We reverse the Superior Court, vacate the award, and remand to the same panel of arbitrators.

THOMPSON, C.J., and MUNSON, J., concur.