[No. 18426-5-II.   Division Two.   May 10, 1996.]

PHILLIPS BUILDING CO., *Respondent*, v. BILL AN, ET AL., *Appellants.*

---

*Douglas V. Alling* and *Smith Alling Lane*, for appellants.

*Jon E. Cushman* and *Cushman & Raymond, P.S.*, for respondent.

ARMSTRONG, J. — Phillips Building Company and Bill

and Soo An agreed to arbitrate several claims of disputed amounts against each other arising from the construction of a motel. The arbitrators awarded the Ans approximately $15,000 in satisfaction of all of the claims and required them to discharge all subcontractor and supplier liens on the motel. The arbitrators also ruled that each party should bear its own attorney fees and costs. The Ans moved to modify the decision to include an award of attorney fees to them as the prevailing party. Because the prevailing party cannot be determined from the face of the arbitration award, we affirm the trial court's denial of the motion to modify.

## FACTS

Bill and Soo An (the Ans) entered into a contract with Phillips Building Co. (PBC) for the construction of a motel in Tumwater, Washington. The contract provided that all disputes between the parties would be settled by arbitration. During construction, a dispute arose and PBC sued the Ans, filing a lien against the motel for the unpaid contract balance. PBC claimed over $1.2 million in damages as a result of the unpaid balance, work interference, economic compulsion, and quantum meruit. The Ans counterclaimed against PBC for misrepresentation, breach of contract, defective construction, and breach of warranty. The Ans sought approximately $980,000 in damages, and joined John and Ann Phillips (Phillips) as third party defendants. The Phillips were required to personally guarantee PBC's obligations under the contract. At a mediation session, the parties signed an "Agreement to Arbitrate." The agreement provided that "[a]ll attorneys fees and costs will be awarded to the prevailing party."

At oral argument before this court, the parties could not agree on the claims and amounts that each side had

sought during arbitration.[1] It appears that PBC had sought approximately $1.3 million and that the Ans counter-claimed for between $500,000 and $600,000. The parties also disagree over whether issues concerning the warranties and the liens owed to various subcontractors and suppliers were before the arbitration panel.[2]

During the arbitration proceedings, approximately $138,000 in subcontractor and supplier liens was still on the motel. The Ans had paid, but not released, all of these liens, except for one unpaid lien of $4,424.40. Seafirst Bank had refused to release PBC's $100,000 bond, guaranteeing lien–free completion, until all of the liens were released by the Ans.

After three weeks of testimony, the arbitrators issued the following decision:

> [PBC] shall assign all rights to warranties, express or implied, received from subcontractors and/or suppliers to [the Ans].

> In satisfaction of all monetary and performance claims entered in relation to this case and to the above–referenced contract, the following monetary award is made:

> [PBC] shall pay to [the Ans] the sum of Fifteen Thousand, Two Hundred, Eighty–Eight and no/100 dollars ($15,288.00).

> [The Ans] shall discharge all subcontractors' and suppliers' liens filed in relation to the above–referenced contract and outstanding as of February 16, 1994.

---

[1]The parties also could not agree on these amounts before the trial court. As the trial judge stated:

> An contends that [PBC's] claim was $1.3 million. . . . [PBC] suggests less. From the material submitted to me, I'm convinced that [PBC's] claim was in the neighborhood of $1.3 million.

> [PBC] contends that An argued for a $550,000 counterclaim. That amount certainly is within the range of all of the evidence here, which ranged from the high $400,000s to nearly $600,000 in counterclaims.

[2]The parties, however, did not challenge the arbitrators' determination of these issues. The arbitration agreement provided that all claims arising from the construction of the motel will be submitted to arbitration.

Each party shall bear its own attorneys fees and costs incurred in relation to this arbitration.

Following receipt of the award, the Ans moved for attorney fees and costs as the prevailing party. The arbitrators denied the Ans' motion, stating again that each party shall bear its own attorney fees and costs. The arbitrators also instructed the Ans to pay and release the motel liens in accordance with the original award, which they had not done. The Ans subsequently requested that the Superior Court modify the arbitration award and grant them attorney fees as the prevailing party. The trial judge noted that it was impossible to determine if the arbitrators had offset successful awards for each party or whether both sides had successfully defended against the others' claims. He also found that neither side had prevailed for purposes of fees and costs. Believing that the $15,000 award to the Ans was de minimis in light of the magnitude of the claims, the trial court refused to modify the award. The Ans appeal.

## ANALYSIS

The Ans argue that the arbitrators exceeded their authority by failing to award them attorney fees as the prevailing party. PBC first responds that the court may not review the merits of the award. PBC then responds that the arbitrators properly denied an award of attorney fees because neither side was the prevailing party.[3]

---

[3]PBC also maintains that the Phillips, John and Ann, personally, were a prevailing party because they successfully defended against the Ans' claims of personal liability. Accordingly, PBC requests that the arbitration panel be directed to award attorney fees to Phillips.

PBC and Phillips did not seek to modify the arbitration award before the trial court, nor did they cross appeal the trial court's ruling. Under the Rules of Appellate Procedure (RAP) 5.1(d), a notice of a cross appeal is essential if the respondent seeks affirmative relief as distinguished from the urging of additional grounds for affirmance. *Nord v. Phipps*, 18 Wn. App. 262, 266 n.3, 566 P.2d 1294 (1977), *review denied*, 89 Wn.2d 1014 (1978); *see also* 3 LEWIS H.ORLAND & KARL B. TEGLAND, 3 WASH. PRAC. 49 (4th ed. 1991). Without reaching the merits of their contention, and assuming that PBC and Phillips had sought to modify the arbitration award before the trial court, their failure to cross appeal the ruling precludes this court from granting affirmative relief in the form of an attorney fee award as a prevailing party.

## A. Judicial Review of Arbitration Awards

An arbitration award can be vacated only upon one of the grounds specified in RCW 7.04.160. *Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). Under the statute, an award may be vacated:

> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

RCW 7.04.160(4). Arbitrators may exceed their authority by failing to award attorney fees to the prevailing party under an arbitration agreement. *See Agnew v. Lacey Co-Ply*, 33 Wn. App. 283, 654 P.2d 712 (1982), *review denied*, 99 Wn.2d 1006 (1983)

Judicial review of an arbitration award, however, is limited to the face of the award. *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995); *Lindon Commodities, Inc. v. Bambino Bean Co.*, 57 Wn. App. 813, 816, 790 P.2d 228 (1990). Such review does not include a review of the merits of the case. *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992). Unless the award on its face shows adoption of an erroneous rule or a mistake in applying the law, the award will not be vacated. *Harris v. Grange Ins. Ass'n*, 73 Wn. App. 195, 198, 868 P.2d 201 (1994).

## B. Prevailing Party Attorney Fees

RCW 4.84.330 provides that the prevailing party in a contract action is entitled to attorney fees if the contract authorizes such an award.[4] Under the statute, the term "prevailing party" means the party in whose favor final judgment is rendered. RCW 4.84.330. The statute also

---

[4]RCW 4.84.330 provides:

In any action on a contract or lease . . . where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

permits a successful defendant to recover attorney fees for defending a contract claim. *Herzog Aluminum, Inc. v. General Am. Window Corp.*, 39 Wn. App. 188, 196–97, 692 P.2d 867 (1984).

In cases where both parties are awarded relief, the net affirmative judgment may determine the prevailing party. *Marassi v. Lau*, 71 Wn. App. 912, 915, 859 P.2d 605 (1993); *see also Moritzky v. Heberlein*, 40 Wn. App. 181, 183, 697 P.2d 1023 (1985) (under net affirmative judgment rule, defendant who received greater amount as a counterclaim was prevailing party under former lien statute, RCW 60.04.130). The net affirmative judgment rule, however, may not lead to a fair or just result in situations where a party receives an affirmative judgment on only a few claims. *Marassi*, 71 Wn. App. at 916. In *Marassi*, the plaintiff prevailed on only two of the original 12 separate and distinct claims. *Marassi*, 71 Wn. App. at 916. The court, therefore, developed a proportionality approach for such situations. The *Marassi* court held that the plaintiff should be awarded attorney fees for the claims it prevails upon, the defendant should be awarded attorney fees for those claims it successfully defends, and the awards should then be offset. *Marassi*, 71 Wn. App. at 918.

If both parties prevail on major issues, however, there may be no prevailing party. *American Nursery Prod., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234–35, 797 P.2d 477 (1990); *Puget Sound Serv. Corp. v. Bush*, 45 Wn. App. 312, 320–21, 724 P.2d 1127 (1986). In such situations, neither party is entitled to an attorney fee award. *American Nursery*, 115 Wn.2d at 235; *Puget Sound*, 45 Wn. App. at 321. Accordingly, when both parties to an action are afforded some measure of relief and there is no singularly prevailing party, neither party may be entitled to attorney fees. *Marine Enters., Inc. v. Security Pacific Trading Corp.*,

50 Wn. App. 768, 772, 750 P.2d 1290, *review denied* 111
Wn.2d 1013 (1988).[5]

## C. Determination of the Prevailing Party

In support of their respective positions, the parties point
to the various claims and amounts in dispute. The Ans
argue that they prevailed because the arbitrators awarded
them a net judgment of over $1,315,000. They maintain
that the arbitrators denied PBC's claims worth ap-
proximately $1.3 million, and awarded $15,000 on their
claims. PBC responds that the arbitrators denied all of the
Ans' approximately $550,000 in claims, except for a *de mi-
nimis* $15,000 amount. Furthermore, PBC argues that the
$15,000 award must be offset by the $138,000 in liens that
the arbitrators ordered the Ans to pay and release. The
Ans counter that most of the liens already had been paid
and that the issue of liens was not argued before the
arbitration panel. As we noted, however, the parties have
not challenged the arbitrators' determination of this issue.
The arbitration agreement does not contain any restric-
tions on the scope of the proceedings; all claims arising
from the construction of the motel were before the panel.

In order to resolve these issues, the parties seek to look
behind the arbitration award to the merits of the case.
Judicial review of an arbitration award, however, does not
include the merits of the award; review is limited to the
face of the award. *Westmark*, 53 Wn. App. at 402; *Barnett*,
119 Wn.2d at 157.

We cannot determine from the face of the award
whether the Ans or PBC prevailed. As the trial court
noted, the award does not tell us whether the arbitrators
offset awards for each party, found that each party had

---

[5]In his oral ruling, the trial judge found that it was reasonable to conclude
that the arbitration panel determined that neither side had prevailed. The
judge stated that he also had "no trouble deciding that neither side has prevailed
for purposes of costs and fees." In the absence of a written finding on a particu-
lar issue, an appellate court may look to the oral opinion of the trial court. *In re
Griffin*, 114 Wn.2d 772, 777, 791 P.2d 519 (1990).

successfully defended the other's claims, or did some mix. Although the Ans received an award of approximately $15,000, they were also ordered to pay off the liens. Since the award does not tell us what value the arbitrators placed on the liens, we cannot ascertain whether the $15,000 award to Ans made them the prevailing party. It is clear that the arbitrators considered the issue of attorney's fees and, presumably, determined that neither party prevailed. After issuing the award, the arbitrators denied the Ans subsequent motion for attorney fees as the prevailing party, stating again that each party shall bear its own attorney fees and costs. We are not allowed to go behind the face of the award to determine the merits of that decision.

*Agnew* is distinguishable. In *Agnew*, the prevailing party could be determined from the face of the award; Lacey had brought claims of $1.6 million against Agnew, the arbitration panel denied all of Lacey's claims and, therefore, Agnew was the prevailing party. *Agnew*, 33 Wn. App. at 286, 287 n.1. The arbitration panel, however, ordered each party to bear its own attorney fees. *Agnew*, 33 Wn. App. at 286. On appeal, the court determined that the arbitrators had exceeded their authority by failing to award attorney fees to Agnew, the prevailing party, and vacated the award under RCW 7.04.160(4). *Agnew*, 33 Wn. App. at 290. The *Agnew* court, however, did not have to go behind the award to determine the value of each side's various claims, nor the arbitration panel's resolution of these claims.

We, therefore, hold that because the prevailing party cannot be determined from the face of the arbitration award, the court may not modify the award. Accordingly, the trial court properly denied the motion to modify the arbitration award.

### D. Attorney Fees on Appeal Under RAP 18.1

PBC seeks to be awarded attorney fees on appeal without any argument or citation to authority in its brief.

To receive an award of attorney fees on appeal, a party must devote a section of the brief to the fee request. RAP 18.1(b). The rule requires more than a bald request for attorney fees on appeal. *Thweatt v. Hommel*, 67 Wn. App. 135, 148, 834 P.2d 1058, *review denied*, 120 Wn.2d 1016 (1992). Argument and citation to authority are required under the rule. *Austin v. U.S. Bank of Washington*, 73 Wn. App. 293, 313, 869 P.2d 404, *review denied*, 124 Wn.2d 1015 (1994). We, therefore, deny PBC's request for attorney fees on appeal.

Affirmed.

SEINFELD, C.J., and HOUGHTON, J., concur.