# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of:<br><br>MICHAEL KENICHI GRAY,<br><br>                                 Appellant,<br><br>     v.<br><br>SARA JUNE GRAY,<br><br>                                Respondent. | No. 47809-9-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Michael Kenichi Gray appeals the trial court's denial of his request to modify the parenting plan with his former spouse, Sara June Gray. He contends the trial court did not apply the statutory factors, failed to consider the children's best interests, and failed to find an abusive use of conflict by Sara.[1] Finding no abuse of discretion, we affirm.

## FACTS

In 2012, the trial court dissolved Michael and Sara's marriage and entered a parenting plan for their two children, then three and one. The parenting plan's residential schedule provided that the children would reside with Sara during the week and with Michael every weekend, except if there was a fifth weekend in the month, the children would stay with Sara. The parties agreed that the plan may need to be modified when the children started school.

---

[1] Since the parties share the same last name, we use their first names for clarity and intend no disrespect.

In 2014, Sara contacted Child Protective Service (CPS), accusing Michael of abuse and neglect of the children. She based these allegations on comments from the children that they witnessed domestic violence between Michael and his girlfriend. The Department of Social and Health Services investigated and determined the allegations were unfounded. Sara also alleged that Michael's girlfriend sexually abused the children based on the children's report that the girlfriend sometimes bathed them and saw them naked. According to Michael, these allegations came back unfounded. A temporary restraining order against Michael existed for three months.

In September 2014, Sara filed a motion to modify the parenting plan. She argued the children's environment at Michael's home was detrimental to their "physical, mental or emotional health." Clerk's Papers (CP) at 32. She also argued that Michael's change in residence made the residential schedule impractical.

Michael denied the allegations and accused Sara of using "an excessive amount of unnecessary conflict." CP at 63. Michael moved to modify the residential schedule to have the children be with him during the week, and be with Sara for the first three weekends of the month. Michael also noted he moved two and a half years prior to Sara's motion and Sara voiced no objection. He relocated within the same county approximately 10-15 minutes further away than his prior residence.

The trial court determined adequate cause existed to proceed to a full hearing on both parties' modification motions. The therapist for the parties' oldest child submitted a report, opining that it was not in the oldest child's best interest to change the parenting plan.

In May 2015, the trial court denied the requests for modification. The court found "[t]here's little evidence here to support either one of your positions." CP at 185. The court also stated it was "satisfied by the admission of [the therapist] . . . that suggest that the children would

be better . . . in terms of stability and routine to maintain the current schedule." CP at 185-86. Michael filed a motion for reconsideration which the court denied. He now appeals.

ANALYSIS

Michael contends substantial evidence did not support the trial court's findings of fact and the court abused its discretion by not modifying the parenting plan to his proposed residential schedule. Specifically, he contends the trial court failed to consider the required statutory factors, failed to consider the children's best interests, and failed to find an abusive use of conflict by Sara

We will uphold the trial court's findings of fact if those findings are supported by substantial evidence. *In re Marriage of Raskob*, 183 Wn. App. 503, 510, 334 P.3d 30 (2014). Because our review of the record demonstrates that substantial evidence supports the trial court's findings, we uphold the trial court's findings.

We review a trial court's decision to modify a parenting plan for abuse of discretion. *In re Marriage of Zigler*, 154 Wn. App. 803, 808, 226 P.3d 202 (2010). We will not reverse the decision unless the trial court's reasons are untenable or outside the range of acceptable choices. *Zigler*, 154 Wn. App. at 808. On appeal, we do not reweigh the evidence or evaluate a witness's credibility. *In re Marriage of Wilson*, 165 Wn. App. 333, 340, 267 P.3d 485 (2011).

I.      RULE COMPLIANCE

Initially, Michael argues that Sara's statement of facts do not comply with RAP 10.3(a)(5), which requires a party to make "[a] fair statement of the facts and procedure relevant to the issues presented" and include "[r]eference to the record . . . for each factual statement." The purpose of this rule is to enable the court and opposing counsel to efficiently and expeditiously review the accuracy of the factual statements made in the briefs. *Litho Color, Inc. v. Pac. Emp'rs Ins. Co.*, 98 Wn. App. 286, 305, 991 P.2d 638 (1999). Both parties are self-represented litigants (SRL's) in

this appeal. In general, SRL's are held to the same standard and rules of procedure as attorneys. *In re Marriage of Olson,* 69 Wn. App. 621, 626, 850 P.2d 527 (1993). While not all statements include citations to the record, Sara provides enough citations for us to assess whether her alleged facts are supported by the record. We disregard any alleged facts not supported by the record. *Lemond v. Dep't of Licensing*, 143 Wn. App. 797, 807, 180 P.3d 829 (2008).

We also note that Sara argues in her response brief that the trial court erred in denying her motion for modification. But in order to obtain affirmative relief, a respondent must file a notice of cross-appeal. RAP 5.1(d). Because Sara failed to file a notice of cross-appeal, we decline to consider her alleged trial court errors. *See Phillips Bldg. Co., Inc. v. An*, 81 Wn. App. 696, 700 n.3, 915 P.2d 1146 (1996) ("[A] notice of a cross appeal is essential if the respondent seeks affirmative relief as distinguished from the urging of additional grounds for affirmance.")

II.     SUBSTANTIAL CHANGE IN CIRCUMSTANCES

The first step for the trial court in a modification proceeding is to determine if adequate causes exists to permit a full hearing. RCW 26.09.270. Here, Michael does not appeal the trial court's finding of adequate cause.

Next, the trial court determines whether there has been a substantial change in circumstances. In assessing this issue the court looks to the factors set forth in RCW 26.09.260(2). Relevant to this appeal is RCW 26.09.260(2)(c), which requires the court to consider, "The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child[.]"

The trial court found, "none of the statutory reasons" for modification applied. CP at 122. Specifically, the court stated, "[t]here's little evidence here to support either one of your positions."

CP at 185. And that it was "satisfied by the admission of [the therapist] . . . that suggest that the children would be better . . . in terms of stability and routine to maintain the current schedule." CP at 185-86. Further, at the reconsideration hearing, the court stated, "when I talk about the stability of children to be able to rely on specific parenting plans, parenting plans that in this case have been expressly approved by a Court-registered guardian ad litem, and when I have not been provided evidence that supports the proposition that a substantial change is necessary or appropriate pursuant to the statute, . . . I'm left with one conclusion. . . . I'm maintaining the status quo." Report of Proceedings at 30. This finding is supported by substantial evidence.

Also, the record shows the parties followed the parenting plan, even after Michael moved. Allegations of neglect or abuse were unfounded. A family therapist opined that it would *not* be in the oldest child's best interest to change the parenting plan. Our record shows substantial evidence supports the court's finding that there has been no substantial change in circumstances to warrant modification of the parties' parenting plan.

III.     BEST INTERESTS

Michael next contends the trial court did not properly consider the children's best interests. In addition to deciding whether there has been a substantial change in circumstances, the court looks to whether modification is in the child's best interests and necessary to serve the child's best interests. RCW 26.09.260(1). The best interests of the child are served by parenting arrangements that best maintain a child's "emotional growth, health and stability, and physical care." RCW 26.09.002. The best interests of the child are ordinarily served when the existing pattern of interaction between a parent and the child is altered only to the extent necessitated by the changed relationship of the parents or as "required to protect the child from physical, mental, or emotional

harm." RCW 26.09.002. In assessing the child's best interests, the court applies the same RCW 26.09.260(2) criteria used when assessing whether there has been a substantial change.

As stated above, the record shows no founded allegations of neglect or abuse, the oldest child's therapist opined that it would not be in the child's best interests to change the parenting plan, and the parties have been following the parenting plan even after Michael relocated. Accordingly, substantial evidence supports the court's finding that the best interests of the children are not best served by modifying the parties' parenting plan.

IV.    RCW 26.09.191(3)(e) AND ABUSIVE USE OF CONFLICT.

Michael next contends the trial court should have restricted Sara's parenting role based on abusive use of conflict. RCW 26.09.191(3)(e) permits a trial court to place restrictions on a parent's involvement in the child's life where there is "abusive use of conflict by the parent which creates the danger of serious damage to the child's psychological development." The statute does not require a showing of actual damage to the child's psychological development, only a danger of such damage. *In re Marriage of Burrill*, 113 Wn. App. 863, 872, 56 P.3d 993 (2002).

The trial court found there was "little evidence here to support either one of [Michael's or Sara's] positions." CP at 185. The court noted that the children were suffering because of the continued conflict between *both* parties and not just Sara's actions alone. While Sara did accuse Michael and his girlfriend of unfounded instances of abuse, Sara provided declarations explaining why the accusations were made. Michael contends Sara did not adequately address his allegations in the modification hearing, thus admitting to his allegations. We, however, defer to the trial court regarding witness credibility and conflicting evidence. *Burrill*, 113 Wn. App. at 868.

The trial court found that the continued conflict between the parties had the greater potential of damage to the children's psychological development. Substantial evidence supports the court's finding that there was no abusive use of conflict by Sara alone.

In summary, the legislature has recognized that the child's best interests are normally served "when the existing pattern of interaction between a parent and child is altered only to the extent necessitated by the changed relationship of the parents or as required to protect the child from physical, mental, or emotional harm." RCW 26.09.002. Therefore, because changes in custody are viewed as "highly disruptive for the children," there is a "strong presumption in favor of custodial continuity and against modification." *In re Marriage of Stern*, 57 Wn. App. 707, 712, 789 P.2d 807 (1990). Based on the substantial evidence in our record to support the trial court's findings and the presumption in favor of custodial continuity, tenable grounds exist to deny Michael's request for modification. The trial court did not abuse its discretion.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Maxa, A.C.J.

7