# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of<br><br>CHAD R. BACON,<br><br>      Appellant,<br><br>And<br><br>DESTINY K. BACON,<br><br>      Respondent. | No. 59670-9-II<br><br><br>UNPUBLISHED OPINION |

   GLASGOW, J.—After a ten-year marriage, Destiny Deel and Chad Bacon separated.[1] Bacon later petitioned for dissolution and the court ordered him to pay the mortgage on the marital home while the dissolution was pending. The court later reduced Bacon's mortgage obligation to $500 per month and ordered Deel, who was living in the home, to pay the rest of the mortgage payment. Bacon made some payments but then stopped because he could no longer afford them. A different judicial officer then halted Bacon's $500 monthly obligation and required Deel to pay the full mortgage going forward.

   At trial, it appears Bacon's counsel and the trial judge were unaware of the earlier order halting Bacon's mortgage obligation. As a result, the trial judge's final order assumed his mortgage obligation continued until trial and required Bacon to pay Deel for his unpaid share of 22 prior mortgage payments.

---

[1] The trial court's final order changed Destiny's last name from Bacon to Deel.

Bacon appeals, challenging the trial court's finding that he owed 22 months of unpaid $500 monthly mortgage payments. He also challenges the trial court's valuation of the marital home, the calculation of his income for child support purposes, and the characterization of Deel's student loans as community debt.

We conclude that all of the claimed errors are unpreserved, but we exercise our discretion to reach Bacon's challenge to the finding that he owed 22 months of unpaid $500 monthly mortgage payments. We agree with Bacon that this finding is unsupported by substantial evidence, and we reverse this finding in the final dissolution order and remand for the trial court to revise the equalization payment accordingly. We decline to reach the other unpreserved errors and otherwise affirm the trial court on all other issues. We decline to award attorney fees to Deel on appeal.

FACTS

I. BACKGROUND

Deel and Bacon were married for 10 years and had two children together. When their first child was born, Deel put college on hold to become a stay-at-home mom, and Bacon supported the family financially. Approximately 8 years later, Deel returned to finish her bachelor's degree and then enrolled in a master's program. Deel took out approximately $48,000 in loans over three years to finance her advanced degree. She incurred debt in the amount of $14,749 for the first year and the first installment was disbursed in August 2019.

Deel and Bacon separated in March 2020. At the time of separation, Bacon was employed as a college instructor and had summers off. Also at the time of separation, Deel resided in the marital home and paid the mortgage using Bacon's bank account, the same account that the parties

used to pay the mortgage during their marriage. Deel began working part time in December 2020 while still attending school.

## II. DISSOLUTION

A.      Pretrial Procedure

Bacon petitioned for dissolution in May 2021. Shortly thereafter, Bacon began to demand that Deel pay half of the $1,104.58 monthly mortgage because his account was depleted. Deel moved for the court to require Bacon to pay the full mortgage. The court granted Deel's motion and ordered Bacon to pay the full mortgage in two temporary orders dated July 2021 and September 2021.

In November 2021, upon Bacon's motion, the court reduced Bacon's obligation and entered an order that he was only required to pay $500 per month toward the mortgage and Deel was responsible for the remainder. Bacon made four $500 payments and then stopped making them.

Then, on August 3, 2022, a different judicial officer entered an order eliminating Bacon's $500 per month responsibility and ordering Deel to pay the mortgage in full, effective immediately.

B.      Trial

The case proceeded to a bench trial in May 2023. Deel asked that the marital home be valued at over $400,000. She based her estimate of the fair market value on an average of the Thurston County Assessor's valuation and recent estimates from two brokerage websites. Bacon stipulated to the admission of these three sources as exhibits. During testimony, the trial court asked if the parties would object to its considering historical values from the same three sources,

and counsel for each party stated they had no objection. Bacon argued in closing that the court should make its valuation "based on the record you have before you," but he did not retract his agreement that the court could consider historical values from the assessor's valuations and the two brokerage websites. Verbatim Rep. of Proc. (VRP) (May 26, 2023) at 77.

For child support purposes, Deel argued that Bacon had a monthly gross income of $6,228.49, calculated by dividing his November 10, 2022, year-to-date gross income by 10 months. She argued that this method appropriately accounted for Bacon's seasonal schedule and the fact that he did not receive pay in summer months. Bacon testified that he did not work summers but did not testify about his gross monthly income at the time of trial. Bacon also testified that some prior temporary orders did not accurately account for his seasonal schedule and asked that the court credit him for the resulting overpayments. He did not present argument that Deel's proposed income calculation at trial was unfair or failed to account for his seasonal work schedule.

Deel also asked that the trial court consider all $47,968.69 of her student loans to be community debt because she applied for and signed promissory notes for the loans while she was still married and living with Bacon. During Deel's testimony, the court asked whether that amount included loans taken out both during and after the marriage. Deel's attorney directed the court's attention to exhibit 514, which was admitted by stipulation. Exhibit 514 showed that she borrowed $14,749.00 for the 2019 school year, disbursed in three installments: August 2019, January 2020, and May 2020. Deel's remaining loans were distributed to her after the marriage. The court viewed the exhibit and commented, "So I can use those dates to identify what was accrued during the marriage and after." VRP (May 26, 2023) at 23. Bacon did not object to the court's use of exhibit 514 to determine what portion of the debt accrued during the marriage.

Additionally, Deel requested that the trial court order Bacon to pay $4,000 in unpaid mortgage contributions because his obligation was in effect "beginning with the month of August 2021 through the month of July 2022, for a total of twelve (12) months," but he had only paid the required $500 for four months. Clerk's Papers (CP) at 158. At trial, Deel asked twice for the remaining 8 months of $500 payments, a total of $4,000. Deel testified, consistently with the facts above, that Bacon made only four $500 payments and then stopped. On cross-examination, Bacon did not dispute Deel's assertion that he missed eight of twelve $500 payments. He also did not recall that a different judicial officer had entered an order halting his obligation to pay a $500 per month contribution toward the mortgage:

> Q. And when did that obligation to pay $500 towards the mortgage cease, or did it cease?
> A. I kept it up as long as I possibly could, and then I -- I just told myself, whatever. I can't -- I can't keep doing this. I've got bills to pay of my own. I'm not living there. There was no -- there was no end in sight of getting the temporary orders terminated or the final orders put in.
> Q. Was a court order ever entered based upon an agreement of the parties that you no longer had to pay the $500?
> A. Well, I didn't agree to the $500 here.
> Q. Did Ms. Bacon agree to relieve you of the $500 a month payment?
> A. I don't remember.
> Q. Can you please turn to what's been admitted as Exhibit 561. I know this order looks interesting, but do you recall attending a settlement conference on shortened notice with Commissioner Nogueira?
> A. Oh, yeah, yeah. She -- she was a good one.
> Q. And at that settlement conference, was an agreement reached that you no longer had to pay towards the mortgage?
> A. Mm-hmm. Okay. This says that in here.
> Q. What -- I'm asking, based upon your recollection at the settlement conference with Commissioner Nogueira, did Ms. Bacon agree that you no longer had to pay the $500 towards the mortgage?
> A. Well, I don't remember.
> Q. Okay. You don't remember. Okay. Are you currently paying $500 towards the Ebbets Drive home?
> A. No, I'm not.

VRP (May 22, 2023) at 88-89. Bacon gave no redirect testimony on this issue and presented no argument that his mortgage obligation ended in August 2022.

C.      Oral Rulings

After trial, the trial court delivered its oral ruling. The court explained that it was valuing the marital home at $276,933, the average of the Thurston County Assessor's valuation and two brokerage website estimates at the time of separation. With respect to the date of valuation, the court explained that it was exercising its discretion to use the parties' separation date as the valuation date for the home based on the totality of the record to achieve an equitable distribution. The court also explained, "[T]he parties have agreed that I could look at the three sources and take judicial notice of those sources, the [two brokerage websites], and the Thurston County [Assessor] to determine what is the appropriate value to attribute to given pieces of real property." VRP (July 20, 2023) at 8.

The trial court also ruled that Deel's proposed child support values, based on her estimate of Bacon's gross monthly income, were "appropriate based on the record" and supported by documentation. VRP (July 20, 2023) at 11. With regard to Deel's student loans, the court explained that it had "looked at the disbursement date that was contained in the exhibit that had the details regarding the student loans" and found that "although there was 47-some-odd-thousand dollars in total loans, only the first disbursement was during the marital period. That is $14,749. And so that $14,749 is community debt." VRP (July 20, 2023) at 7.

The trial court reserved making any finding about Bacon's unpaid mortgage obligations and explained, "I recognize that at the time of trial, $4,000 was how much was owed. It is entirely possible that dad either paid what he owed previously or has continued to not pay, even though

that order has still been in force and effect." VRP (July 20, 2023) at 22. The court went on to instruct the parties that they should discuss the unpaid mortgage obligations and that "the months that dad was ordered to pay and has not paid should be added to" the final equalization payment in the parties' proposed order based on the court's ruling. *Id.* The court noted that it did not anticipate a factual dispute about what was owing, but that the record could be reopened if the parties disagreed as to the amount.

After delivering its rulings, the trial court invited questions from the parties. Bacon's attorney did not raise any questions, objections, or exceptions regarding the portions of the trial court's ruling at issue in this appeal.

D.      Final Orders

The trial court considered Deel's proposed orders at a presentation hearing where Bacon was permitted to offer objections. Bacon did not object to any portion of the proposed findings and conclusions or parenting plan. Bacon raised several other objections, including an objection to the court's consideration of the assessor's valuation of the marital home. Counsel stated,

> I don't think any expert would ever use the assessor's number as fair market value. I realize you used it as one-third and you -- I think, with [two brokerage websites]. And I think that's unfair. I don't think the fair market value should include the Assessor's number, and I think that should be changed.

VRP (Oct. 4, 2023) at 6. Additionally, Bacon raised a general issue with the fairness of the $500 mortgage payments, arguing, "[I]n January, [I] was ready to go to trial. So now for almost ten months [I was] charged another $5,000 . . . . And I don't think that's fair. I think those $500 payments should cease." VRP (Oct. 4, 2023) at 7.

The trial court explained that it would not reconsider its rulings based on Bacon's objections raised for the first time during presentation of Deel's proposed orders. The court

7

explained that Deel's proposed orders conformed with its prior ruling and signed the proposed orders.

Ultimately, the trial court ordered Deel to pay Bacon $22,215.34 as an equalization payment, taking into account the trial court's asset distribution, offset by the money Bacon owed Deel for unpaid obligations under previous court orders. This final order was based on the court's findings that the marital home was worth approximately $276,330 at the time of separation and that $14,749.00 in Deel's "Student Loans Disbursed during the Marriage" was a community debt. CP at 214. The equalization payment was also based on the court's finding that Bacon was required to pay $500 per month toward the mortgage "from August 2021 through September 2023" under a prior court order, but had failed to pay on 22 of those months. CP at 206. The final order did not mention the August 3, 2022, order terminating Bacon's $500 per month responsibility and ordering Deel to pay the mortgage in full. The court's final order also required Bacon to pay about $1,000 in monthly child support based on its finding that his monthly gross income was $6,228.49.

Bacon appeals.

## ANALYSIS

### I. UNPRESERVED ERRORS

Under RAP 2.5(a), "[t]he appellate court *may* refuse to review any claim of error [that] was not raised in the trial court," unless the party claims a lack of trial court jurisdiction, a failure to establish facts upon which relief can be granted, or a manifest error affecting a constitutional right. (Emphasis added.) "[T]he purpose of RAP 2.5(a) is met where the issue is advanced below and the trial court has an opportunity to consider and rule on relevant authority." *Washburn v. Beatt*

*Equip. Co.*, 120 Wn.2d 246, 291, 840 P.2d 860 (1992). "Arguments or theories not presented to the trial court will generally not be considered on appeal." *Id.* at 290.

However, RAP 2.5(a)'s plain language grants appellate courts discretion to review errors raised for the first time on appeal. This is because, as our Supreme Court has explained, "by using the term 'may,' RAP 2.5(a) is written in discretionary, rather than mandatory, terms." *Roberson v. Perez*, 156 Wn.2d 33, 39, 123 P.3d 844 (2005).

A.        Valuation of the Marital Home

Bacon argues that the trial court abused its discretion in two ways when it valued the marital home: first, the court valued the home at the time of separation rather than at the time of trial, and second, the court valued the home based on evidence that should not have been considered. We decline to review these unpreserved errors.

First, with respect to the timing of the valuation, Bacon argues that it was inequitable to value the home at the time of separation and thus the court's valuation was an abuse of discretion. But Bacon failed to alert the trial court to the alleged error he now raises and failed to give the court an opportunity to correct the alleged error. Our record does not show that he made any argument about the valuation date of the home at any point during trial. If he submitted a pretrial brief raising the issue, it was not transmitted to this court for consideration in this appeal. And Bacon made no such argument in the transcripts we have for consideration.

Moreover, when the trial court asked the parties whether they would have any objection to the court considering historical values of the home, Bacon's counsel said he had no objection. Nor did Bacon object when the court delivered its oral ruling.

Second, with respect to the evidence considered, Bacon argues that the trial court erred by considering facts outside the record and the assessor's valuation. But again, Bacon's attorney stated he had no objection to the sources considered by the trial court at the time the court initially told the parties it might look at those sources, and Bacon raised no objection at the time the court actually announced it had looked at the sources.

Bacon argues that he preserved this claim of error because in his closing argument, he asked the trial court to make its valuation "'based on the record you have before you.'" Reply Br. of Appellant at 8 (quoting record). But this portion of Bacon's closing cannot be interpreted as a repudiation of his prior express agreement that the court could consider historical pricing information from the three sources. Taken as a whole, Bacon's closing did nothing to alert the trial court to the issue he now raises, and he did not afford the trial court an "opportunity to consider and rule on relevant authority." *Washburn*, 120 Wn.2d at 291.

It is true that Bacon raised an objection to the trial court's consideration of the assessor's valuation at the hearing when final orders were being presented. However, Bacon said nothing about this alleged error when the trial court directly asked if the assessor's valuation was something the court could consider, nor did he raise this issue when the court delivered its final oral ruling two months before presentation of the final orders. A party cannot state it has no objections and wait until the presentation hearing, after an outcome the party dislikes, to change their mind. *See In re Est. of Muller*, 197 Wn. App. 477, 488-89, 389 P.3d 604 (2016) (party agreed not to individually argue their objections and was thus precluded from arguing on appeal that the trial court erred by failing to individually address them).

Therefore, we decline to consider Bacon's challenge to the valuation of the marital home because Bacon expressly stated he had no objections to the evidence the trial court considered and did not alert the trial court to the alleged errors when the court could reasonably have remedied them. RAP 2.5(a).

B.      Bacon's Income

Bacon argues that the trial court's child support order is not supported by substantial evidence and asks us to remand for recalculation of his income. Specifically, he argues that Deel's proposed calculation of his income, based on dividing his November 10, 2022, year-to-date gross pay by 10 months, was unfair and inaccurate because it did not adequately account for the fact that his income was seasonal. Bacon also briefly argues that the calculation was erroneous because the year-to-date income used in the calculation actually reflected 10.5 months of pay, so it should not have been divided by 10. We decline to reach this unpreserved assignment of error.

Again, Bacon failed to alert the trial court to any alleged error in Deel's proposed calculation of his income for use in the trial court's child support calculations, though he now maintains the method of calculation was erroneous. It is true that he argued extensively that the court should credit him for child support overpayments during the time his income was allegedly overcalculated, but those arguments did not alert the trial court to the error he now complains of. Bacon did not testify or argue that his income should have been calculated differently *going forward* to account for the fact that his income was seasonal, and he did not counter the portion of Deel's trial brief arguing that her calculation fairly accounted for Bacon's summers off. Nor did he alert the trial court to his disagreement with its ruling, either when the court gave its oral ruling or when he raised other substantive objections during the presentation hearing.

To the extent Bacon now asks us to reverse the trial court's calculation of his income, the claim of error is unpreserved. RAP 2.5(a). We therefore decline to review this claim of error.

C.    Deel's Student Loans

Bacon challenges the trial court's conclusion that $14,749.00—Deel's "Student Loans Disbursed during the Marriage"—was a community debt. CP at 214. Bacon argues that "only $9,750 was disbursed during the marriage," so "only $9,750 was properly characterized as a community debt." Br. of Appellant at 39. Bacon also briefly argues that Deel's student loans should not have been included in the equalization payment because her master's degree did not yield benefits until after the marriage. We decline to reach this unpreserved issue.

Bacon did not make any argument about the characterization of the student loans at trial. When the student loans were discussed, Bacon did not object to the trial court's use of exhibit 514 to determine what portion of the debt accrued during the marriage. Nor did he alert the court to this alleged error at the time of the trial court's oral ruling. Finally, he did not alert the court to the alleged error at the time of presentation when he raised his other objections to the court's final orders. Therefore, this claim of error is unpreserved and we decline to consider it for the first time on appeal.

## II. BACON'S MISSED MORTGAGE PAYMENTS

Bacon argues that the trial court lacked substantial evidence to support its finding that Bacon missed 22 court ordered $500 monthly mortgage payments under the temporary orders. Deel discusses facts related to this issue in her brief to this court, but Deel does not include argument in her appellate brief on this issue. Although this error is unpreserved, we note that Deel argued in the trial court that Bacon only missed eight months of mortgage payments under the

temporary orders, consistent with Bacon's argument on appeal. Thus, the parties appear to agree on the correct amount of unpaid mortgage contributions, making the error easily remedied with minimal further proceedings. We therefore exercise our discretion to consider the challenge and we agree with Bacon that the challenged finding is not supported by substantial evidence.

As a preliminary matter, we conclude that the error is unpreserved. Bacon asserts that at the presentation hearing, he "objected that the trial court was counting too many missed months against him, but the trial court did not change its order." Br. of Appellant at 12. He cites a portion of the presentation hearing in which he raised a general issue with the fairness of the $500 responsibility, but the record shows that he never alerted the court to the August 3, 2022, temporary order releasing him from that obligation. Bacon's tangentially related argument was not sufficient to preserve the issue.

However, as we note above, RAP 2.5(a)'s plain language grants appellate courts discretion to review errors raised for the first time on appeal. Here, we exercise our discretion to review this argument because Deel took a position below that is consistent with Bacon's position in this appeal, and then failed to respond to this argument in her appellate briefing. Namely, in Deel's trial brief below and in Bacon's reply brief, both parties have explained that Bacon owed $4,000 for eight missed $500 mortgage payments, rather than $11,000 for 22 missed $500 payments. Thus, the error is easily remedied with minimal further proceedings because the parties agree on the correct amount of Bacon's unpaid mortgage contributions.

Turning to the merits, we review the trial court's finding for substantial evidence, meaning evidence "sufficient to persuade a rational fair-minded person the premise is true." *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). Here, Bacon argues that

substantial evidence does not support the finding that he owed $11,000 for 22 missed $500 payments. Bacon argues that instead, the undisputed facts show that he owed only $4,000 for eight missed $500 mortgage payments under the temporary orders. Likewise, Deel calculated in her trial brief that Bacon owed $4,000 based on the same dates. Bacon and Deel both based their calculations on a temporary order dated August 3, 2022, that, on its face, relieved Bacon of any obligation to contribute to the mortgage as of that date.

However, the trial court based the final equalization payment on its finding that Bacon was required to pay $500 per month toward the mortgage "from August 2021 through September 2023." CP at 206. Our record contains no order entered after the August 3, 2022, order that was entered before trial addressing the mortgage payment. And Deel has provided no argument, either below or in this appeal, to show that Bacon's $500 monthly obligation did not end by August 2022. Indeed, Deel wrote in her trial brief that the obligation was in effect "beginning with the month of August 2021 through the month of July 2022, for a total of twelve (12) months." CP at 158. And she repeatedly asked for only eight months of payments, a total of $4,000. Additionally, when Deel cross-examined Bacon about his mortgage payments during the separation, the exchange touched on the August 3, 2022, order relieving him of the obligation to pay $500 per month toward the mortgage. We are perplexed that Deel went on to prepare a final order so at odds with her prayer for relief and her apparent understanding of the record in this case.

Because Deel has not presented argument or evidence in this appeal showing that Bacon's obligation continued until September 2023, despite the August 2022 order clearly terminating it, and we have found no contrary order between August 2022 and the trial in our record, we conclude that the trial court based its ultimate ruling on an incorrect understanding of Bacon's obligation at

14

the time of trial. The undisputed facts before the trial court showed that Bacon's obligation was only in effect from August 2021 through July 2022, and the trial court erroneously believed he was still obligated to pay $500 per month through the end of trial.

In sum, substantial evidence does not support a finding that Bacon owed 22 months of $500 mortgage payments at the time of trial. The trial court's equalization calculation should be adjusted to account for the $7,000 difference in what Bacon owed Deel for missed mortgage contributions under the temporary orders.

We reverse the portion of the trial court's final divorce order/dissolution decree imposing a final equalization payment of $22,215.34 and remand for the trial court to correct the error by increasing Deel's equalization payment to Bacon by $7,000.

## III. ATTORNEY FEES

Deel requests attorney fees in the conclusion section of her appellate brief. She does not provide argument or authority in support of her request. Under RAP 18.1(b), she was required to "devote a section of [her] opening brief to the request for the fees or expenses." "The rule requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule." *Phillips Bldg. Co., Inc. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996) (citations omitted). We therefore deny Deel's request for attorney fees.

## CONCLUSION

We reverse in part and remand for the trial court to increase Deel's equalization payment to Bacon by $7,000. We affirm all other parts of the trial court's final orders. We decline to award attorney fees to Deel on appeal.

No. 59670-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

LEE, J.

VELJACIC, A.C.J.

16